743 So.2d 1227 (1999)
Bruce REESE and Lucy Reese d/b/a/ Industrial Park Shell a/k/a Reese Enterprises of South Florida, Inc., Appellants,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 98-4073.
District Court of Appeal of Florida, Fourth District.
November 17, 1999.
*1228 Michael J. Ioannou of Mattlin & McClosky, Boca Raton, for appellants.
Pamela S. Leslie, General Counsel, and Vance W. Kidder, Assistant General Counsel, Tallahassee, for appellee.
McCARTHY, TIMOTHY P., Associate Judge.
Appellants appeal from a denial of attorney's fees for matters arising out of eminent domain proceedings.
Appellee, State of Florida, Department of Transportation (DOT), instituted a "whole taking" eminent domain proceeding that resulted in the condemnation of property owned by third-party Shell Oil Company. The property was subject to a lease in favor of appellants. In the lease, appellants assigned to Shell all of their rights and interests "in any award or settlement" of a condemnation for public use except "compensation for business relocation expense or for loss of business opportunity or goodwill."
Appellants challenged the order of taking. After a two day evidentiary hearing, the trial court entered an order of taking in favor of DOT, effective June 30, 1996. Appellants timely appealed the order of taking.
Thereafter, the parties stipulated to an order for extended possession which permitted appellants to remain as tenants of the Shell station until September 5, 1996. In consideration for the extension period, appellants dismissed their interlocutory appeal as to the order of taking.
During the June 30 to September 5 extension period, appellants realized a business profit of $58,098. Appellants claim that they are entitled to an additional attorney's fees award of 33% of the profit they earned during the extension period. The trial court found that there were no monetary or nonmonetary benefits to appellants under section 73.092, Florida Statutes (1995), and denied entitlement to attorney's fees as to the business profit.
All parties stipulated that appellants are not entitled to business damages because DOT sought a "whole taking."

CONSTITUTIONALITY OF SECTION 73.092, FLORIDA STATUTES (1995)
Appellants argue, for the first time on appeal, that section 73.092, Florida *1229 Statutes (1995), is unconstitutional as applied and interpreted by the lower court to the factual circumstances of this case. Generally, an argument relating to the constitutionality of the statute must be preserved by appropriate motion or objection in the lower tribunal unless the error qualifies as fundamental error. Constitutional issues not raised at trial cannot be raised for the first time before a district court, of appeal. See Hegeman-Harris Co. v. All State Pipe Supply Co., 400 So.2d 1245 (Fla. 5th DCA 1981).
There is no fundamental error here. Appellants are limited by their own lease to pursue a claim against DOT for relocation expenses, loss of business opportunity, or good will. Business damages are recoverable only where a partial taking occurs and are "strictly a creature of statute." Department of Transp., State of Florida v. Rogers, 705 So.2d 584, 587 (Fla. 5th DCA 1997). "Such damages are given as a matter of legislative grace and are not a constitutional imperative." Id. The right to attorney's fees incurred in seeking business damages or a "nonmonetary benefit" is not a fundamental right. Appellants waived their constitutional argument by not raising it below.

FAILURE TO AWARD ENTITLEMENT OF ATTORNEY'S FEES
Section 73.092(1), Florida Statutes (1995) provides, inter alia, that:
the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client.

(Emphasis supplied).
Section 73.092(1)(b), Florida Statutes (1995) provides:
The court may also consider nonmonetary benefits obtained for the client through the efforts of the attorney....
(Emphasis supplied).
Here, whatever profit appellants may have earned during the extension period was a result of their own marketing, labor and/or management, and not that of the attorney. The benefits achieved, were obtained and achieved by appellants and for appellants, as opposed to benefits obtained or achieved for appellants by the attorney.
Appellants cite no authority for the proposition that profits of a business derived after the condemning authority has consented to extend possession are benefits achieved for the client, such that additional attorney's fees may be awarded pursuant to section 73.092. We decline appellants' invitation to impose liability on DOT for the profits appellants may have enjoyed from appellants' efforts during their extended tenancy on DOT's property.
AFFIRMED.
POLEN and GROSS, JJ., concur.