PER CURIAM.
The State appeals from an order dismissing an involuntary civil commitment petition against Darren Goode as a sexually violent predator. The State filed the petition pursuant to the Jimmy Ryce Act, *545 sections 394.910-394.930, Florida Statutes (1999). The issue presented is whether the failure to bring the respondent to trial within thirty days of the initial probable cause determination, pursuant to section 394.916, Florida Statutes (1999), is a proper basis for dismissal of the petition.[1] On our own motion, pursuant to Florida Rule of Civil Procedure 9.125, we certify that the trial court’s order requires immediate resolution by the Florida Supreme Court because the issue pending is of great public importance and has a great effect on the proper administration of justice throughout the state.
PATTERSON, C.J., and ALTENBERND and NORTHCUTT, JJ„ concur.

. In Kinder v. State, 779 So.2d 572 (Fla. 2d DCA 2000), this court determined that the thirty-day time limit was mandatory but not jurisdictional. As a remedy for the failure to try Kinder within the statutory time frame, this court ordered Kinder's release and certified the following question to the Florida Supreme Court as one of great public importance:
WHETHER THE FAILURE TO COMMENCE A COMMITMENT TRIAL WITHIN THE 30-DAY PERIOD OF SECTION
394.916(1), FLORIDA STATUTES (1999), ABSENT A PRIOR CONTINUANCE FOR GOOD CAUSE, AUTHORIZES THE RELEASE OF THE DETAINED INDIVIDUAL, WHEN THE COMMITMENT CASE HAS NOT BEEN DISMISSED, AND THE TRIAL COURT HAS PREVIOUSLY MADE AN EX PARTE DETERMINATION THAT THERE IS PROBABLE CAUSE TO BELIEVE THAT THE INDIVIDUAL IS A SEXUALLY VIOLENT PREDATOR IN NEED OF COMMITMENT.