PER CURIAM.
In this case, the State of Florida appeals a non-final order granting the defendant’s motion to suppress cannabis and drug paraphernalia obtained during a search of the defendant’s apartment. We affirm.
After excising the improperly attained information gathered by use of thermal imaging, see Kyllo v. United States, 533 U.S. 27, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001), and the alert of the drug dog at the threshold of the door to defendant’s home, see State v. Rabb, 881 So.2d 587 (Fla. 4th DCA) (holding that the use of a drug-detecting dog by law enforcement officers to detect contraband at the doorsteps of defendant’s home, without probable cause, constitutes an illegal search), petition for cert. filed, 73 U.S.L.W. 3402 (Dec. 16, 2004),[1] the remaining allegations included in the affidavit for search warrant were not sufficient to establish probable cause to search the target location. Accordingly, the order granting the defendant’s motion to suppress is affirmed.[2]
AFFIRMED.
POLEN, STEVENSON and GROSS, JJ., concur.

. But cf. Illinois v. Caballes, 543 U.S. 405, 125 S.Ct 834, 160 L.Ed.2d 842 (2005) (holding that the use of a narcotics-detection dog to "sniff” around a driver's car during a lawful traffic stop generally does not implicate legitimate privacy interests protected by the Fourth Amendment).

. We note that if consideration of the drug-detection dog's alert in this case had been proper, we would have reversed the order, finding the affidavit for search warrant supported by probable cause.