901 So.2d 925 (2005)
Daniel B. BURNETTE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-482.
District Court of Appeal of Florida, Second District.
April 27, 2005.
*926 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Daniel Burnette seeks review of the final judgment and sentence adjudicating him guilty, following a jury trial, of possession of diazepam, driving under the influence, driving while his license was suspended or revoked, and refusing to allow alcohol testing. While we reject Burnette's *927 challenge to the constitutionality of section 893.101, Florida Statutes (2003), we agree that the jury instruction regarding the lack of knowledge affirmative defense constitutes reversible error.
Burnette was charged with possession of the controlled substance diazepam, also known as Valium, pursuant to section 893.13(6), Florida Statutes (2003). Section 893.101 clarifies the elements of an offense of possession of a controlled substance, expressly stating that "knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter," and the supreme court cases holding otherwise are "contrary to legislative intent." See Scott v. State, 808 So.2d 166 (Fla.2002) (holding in part that guilty knowledge is an element of possession of a controlled substance under section 893.13(6)); Chicone v. State, 684 So.2d 736 (Fla.1996) (same).
Section 893.101 also creates an affirmative defense for lack of knowledge of the illicit nature of a controlled substance and states that, when a defendant asserts such a defense, "possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance." When the affirmative defense is raised, the jury shall be instructed on the permissive presumption. § 893.101(3).
In this case, the trial court gave the following jury instruction over defense counsel's objection:
An issue in this case is whether the defendant knew of the elicit [sic] nature of the controlled substance. If you find Daniel Burnette was in actual or constructive possession of a substance, you may presume that Daniel Burnette knew of the elicit [sic] nature of the substance. Any presumption may be overcome by competent evidence.
We will first address Burnette's constitutional challenge to section 893.101. Burnette argues that section 893.101 violates due process by shifting the burden to the defendant to prove that he lacked knowledge of the illicit nature of the substance, thereby relieving the State of its burden to prove each element of the crime beyond a reasonable doubt.
Due process requires that the State prove an accused guilty beyond a reasonable doubt as to all the essential elements of guilt. In re Winship, 397 U.S. 358, 361, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), cited in State v. Cohen, 568 So.2d 49, 51 (Fla.1990). However, it is the prerogative of the legislature to define the elements of a crime and to determine whether scienter is an essential element of a statutory crime. Chicone, 684 So.2d at 741. Placing on the defendant the burden of proving an affirmative defense is not unconstitutional, because it does not relieve the State of its burden to prove beyond a reasonable doubt all the elements of the crime. Herrera v. State, 594 So.2d 275, 278 (Fla.1992). An affirmative defense does not involve proof of the elements of the offense, but rather concedes the elements while raising other facts that, if true, would establish a valid excuse or justification, or a right to engage in the conduct in question. Cohen, 568 So.2d at 51-52. In other words, "an affirmative defense says, `Yes, I did it, but I had a good reason.'" Id. at 52.
Section 893.101 expressly states that knowledge of the nature of a substance is not an element of the offense of possession. A defendant charged under section 893.13 can concede all the elements of the offense, i.e., possession of a specific substance and knowledge of the presence of the substance, and still be able to assert the defense that he did not know of the illicit nature of the specific substance. *928 Thus, the affirmative defense created by section 893.101 does not violate due process by abrogating the State's burden of proving the defendant's guilt beyond a reasonable doubt, and Burnette's constitutional challenge must fail.
Burnette's second issue on appeal challenges the instruction given to the jury regarding the affirmative defense created in section 893.101. The giving or withholding of a proposed jury instruction is reviewed by this court under an abuse of discretion standard. McKenzie v. State, 830 So.2d 234, 236 (Fla. 4th DCA 2002). A trial court should not give instructions that are confusing, contradictory, or misleading. Butler v. State, 493 So.2d 451 (Fla.1986).
In this case, the trial court gave an incomplete instruction on the law as set out in section 893.101 by failing to inform the jury that Burnette's lack of knowledge of the illicit nature of the substance was a defense to the possession charge. The incomplete instruction was confusing and misleading because, though the trial court instructed the jury that the defendant's knowledge of the illicit nature of the substance was "[a]n issue in this case," it failed to provide any indication that lack of knowledge was a defense to the charge against Burnette.
Burnette's defense was based on a lack of knowledge of the presence of the substance and of its illicit nature, and the defense presented evidence that neither the pills nor the vehicle in which they were found belonged to Burnette. Thus, we find there is a reasonable probability that the erroneous instruction contributed to the conviction and therefore was not harmless. See San Martin v. State, 717 So.2d 462 (Fla.1998) (applying State v. DiGuilio, 491 So.2d 1129 (Fla.1986), harmless error test to erroneous jury instruction). Accordingly, we reverse Burnette's conviction for possession of diazepam and remand for a new trial on this offense. We affirm without comment as to Burnette's remaining two claims and affirm the remaining convictions.
Affirmed in part, reversed in part, and remanded.
CANADY and VILLANTI, JJ., Concur.