920 So.2d 21 (2005)
George WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-499.
District Court of Appeal of Florida, Fourth District.
June 15, 2005.
*23 Carey Haughwout, Public Defender, and Peggy Natale and David John McPherrin, Assistant Public Defenders, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
STONE, J.
We grant Appellant's motion for rehearing or clarification, withdraw the opinion of May 4, 2005, and substitute the following in its place:
We affirm Wright's conviction for possession of cocaine and his sentence of two years in prison. Wright is challenging, on substantive due process grounds, the facial constitutionality of section 893.101, Florida Statutes, amended to remove guilty knowledge as an element of possession of a controlled substance and adding lack of knowledge of the illicit nature of a controlled substance as an affirmative defense.[1]
Defense counsel did not raise the constitutionality of the statute at any time during the trial, either by motion or by objection. "Constitutional issues not raised at trial cannot be raised for the first time before a district court of appeal," unless the error meets the criteria of fundamental error. Reese v. Dep't of Transportation, 743 So.2d 1227, 1229 (Fla. 4th DCA 1999). We note that although not every constitutional issue amounts to fundamental error, Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970), a conviction for the violation of a facially invalid statute does qualify as fundamental error. Alexander v. State, 450 So.2d 1212, 1215 (Fla. 4th DCA 1984) (citing to Trushin v. State, 425 So.2d 1126 (Fla.1983)). Consequently, this issue may be brought for the first time on appeal.
The legislature is vested with broad authority to determine intent requirements in defining crimes. Chicone v. *24 State, 684 So.2d 736, 741 (Fla.1996); Mills v. State, 58 Fla. 74, 51 So. 278, 281 (1910). The applicable test is the rational basis standard of review. Brazill v. State, 845 So.2d 282, 287 (Fla. 4th DCA 2003). Clearly, there is a rational relationship between the legitimate governmental interest in addressing the drug problem and the elimination of the difficult-to-prove element of knowledge of a substance's illicit nature.
Removal of the element, however, is not the crux of Wright's challenge. He characterizes the statute as removing an element of a crime, here the mens rea of guilty knowledge, and making the lack of it an affirmative defense, thereby improperly shifting to a defendant the burden to disprove. We do not agree that provision for the affirmative defense has that effect.
Due process requires the state to prove an accused guilty of all essential elements of a crime beyond a reasonable doubt. Art. I, § 9, Fla. Const.; Amend. 5, U.S. Const.; see also State v. Cohen, 568 So.2d 49, 51 (Fla.1990). "An affirmative defense does not concern itself with the elements of the offense at all; it concedes them," but asserts a good excuse or reason. Id. Once raised, the defendant carries the burden of proving the defense. White v. State, 757 So.2d 542, 546 (Fla. 4th DCA 2000). It, nevertheless, remains impermissible to shift the burden of proof of an element of the offense to the defendant. Cohen, 568 So.2d at 51.
Section 893.101, Florida Statutes, states:
Legislative findings and intent. 
(1) The Legislature finds that the cases of Scott v. State, Slip Opinion No. SC94701 [808 So.2d 166] (Fla.2002) and Chicone v. State, 684 So.2d 736 (Fla. 1996), holding that the state must prove that the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.
(2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses in this chapter.
(3) In those instances in which a defendant asserts the affirmative defense described in this section, the possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance. It is the intent of the Legislature that, in those cases where such an affirmative defense is raised, the jury shall be instructed on the permissive presumption provided in this subsection.
We note that the cases cited within the statute stood for the proposition that guilty knowledge was an element of possession of a controlled substance. Scott, 808 So.2d at 170; Chicone, 684 So.2d at 738. The statute does two things: it makes possession of a controlled substance a general intent crime, no longer requiring the state to prove that a violator be aware that the contraband is illegal, and, second, it allows a defendant to assert lack of knowledge as an affirmative defense. There is a caveat that, once this door is opened, either actual or constructive possession of the controlled substance will give rise to a permissive presumption that the possessor knew of the substance's illicit nature, and the jury instructions will include this presumption. § 893.101(3), Fla. Stat. The knowledge element does not need to be proven, but if the defendant puts it at issue, then the jury is going to hear about it, and the defendant must work to rebut the presumption.
*25 We recognize that a poorly drawn piece of legislation can create an "illusory" affirmative defense, requiring a defendant to attempt to prove the case for his or her innocence, but allowing no chance of success. However, such is not the case in this instance. This statute removes guilty knowledge as an element, but does not require the defendant to prove or disprove knowledge. It is optional to raise lack of knowledge as a defense. The statute simply provides that once this defense is utilized, a permissive presumption attaches, allowing the jury to draw an inference from the facts. It is mandatory and conclusive presumptions that are prohibited. Fitzgerald v. State, 339 So.2d 209, 211 (Fla.1976). Further, there is a rational purpose for this presumption, and it is tied to a legitimate governmental interest. Accordingly, we reject Appellant's substantive due process challenge to the facial constitutionality of section 893.101, Florida Statutes, expressly declaring it valid.
Wright also contests the trial court's failure to, sua sponte, include a jury instruction on guilty knowledge. The affirmative defense of lack of knowledge would have been available to Wright; however, the availability of the defense does not obviate Wright's responsibility to request the instruction, and he did not. "An instruction to the jury on an affirmative defense is proper when requested where sufficient evidence has been introduced from which the jury could lawfully find that the defense has been proven." Carr v. Crosby Builders Supply Co., 283 So.2d 60, 62 (Fla. 4th DCA 1973). Furthermore, the issue of Wright's knowledge was not disputed below, nor was evidence adduced to support a lack of guilty knowledge. The trial judge's failure to sua sponte instruct regarding knowledge is not fundamental error.
Therefore, the judgment and sentence are affirmed.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] The parties have not cited, nor has research unearthed, any Florida cases examining the facial constitutionality of the statute here challenged. The one case that dealt with any constitutional ramifications from this statute was Norman v. State, 826 So.2d 440 (Fla. 1st DCA 2002), holding that retroactive application of 893.101 was unconstitutional under the Florida Constitution.