932 So.2d 551 (2006)
Mose HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1326.
District Court of Appeal of Florida, First District.
June 27, 2006.
*552 Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Mose Harris appeals a judgment of conviction and habitual felony offender sentence for the sale and delivery of cocaine within 1,000 feet of a church in violation of section 893.13(1)(e)1, Florida Statutes (2004). Among other issues, appellant argues that, because section 893.101, Florida Statutes (2004), eliminates knowledge of the illicit nature of a substance as an element of the offense, his convictions violate the due process clauses of the federal and Florida constitutions. We cannot agree. Section 893.101 has been upheld against challenges based on the due process clause. See Wright v. State, 920 So.2d 21 (Fla. 4th DCA), rev. denied, 915 So.2d 1198 (Fla.2005); Burnette v. State, 901 So.2d 925 (Fla. 2d DCA 2005); see also Reynolds v. State, 842 So.2d 46, 47-8 (Fla.2002)(quoting State v. Gray, 435 So.2d 816, 819-20 (Fla.1983)("It is within the power of the legislature to declare conduct criminal without requiring specific criminal intent to achieve a certain result; that is, the legislature may punish conduct without regard to the mental attitude of the offender, so that the general intent of the accused to do the act is deemed to give rise to a presumption of intent to achieve the criminal result....")); State v. Giorgetti, 868 So.2d 512, 516 (Fla.2004)("[W]e will ordinarily presume that the Legislature intends statutes defining a criminal violation to contain a knowledge requirement absent an express indication of a contrary intent. An express provision dispensing with guilty knowledge will always control, of course, since in that instance the Legislature will have made its intent clear."). By section 893.101, the Florida Legislature has clearly stated its express intent to eliminate the guilty knowledge requirement for chapter 893 offenses.
We affirm all issues raised on appeal.
KAHN, C.J., ERVIN, and VAN NORTWICK, JJ., concur.