CLARK, J.
 

 The appellant was convicted of sale or delivery of cocaine, as proscribed by section 893.13(l)(a)(l), Florida Statutes. In this appeal he challenges the constitutionality of that statute, in that it makes the offense a felony without requiring that guilty knowledge be an element of the crime. Relying on language in
 
 Staples v. United States,
 
 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), and
 
 Chicone v. State,
 
 684 So.2d 736 (Fla.1996), the appellant argues that this offends substantive due process.
 
 Staples
 
 and
 
 Chicone
 
 referred to regulatory offenses in the public welfare, and the level of punishment thereunder, in discussing principles of statutory construction where there has not been a clear expression of legislative intent as to whether guilty knowledge is an element of a crime. But in response to
 
 Chicone
 
 and
 
 Scott v. State,
 
 808 So.2d 166 (Fla.2002), the Florida legislature clearly expressed its intent in section 893.101, Florida Statutes, by stating that “knowledge of the illicit nature of a controlled substance” is not an element of an offense under chapter 893, and that instead lack of such knowledge is an affirmative defense. That provision has been upheld in other cases upon due process challenges.
 
 See e.g. Harris v. State,
 
 932 So.2d 551 (Fla. 1st DCA 2006). The appellant’s due process challenge is likewise without merit.
 

 AFFIRMED.
 

 HAWKES, C.J., and ROBERTS, JJ., concur.