ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our opinion issued on May 28, 2010, and substitute this opinion in its place. In light of this substituted opinion, we deny Appellant’s motion for rehearing, clarification, rehearing en banc, and certification.
Appellant was convicted of trafficking cocaine and possession of marijuana with intent to deliver and sentenced to consecutive prison terms of 30 years for the trafficking offense and five years for the possession offense. In Williams v. State, 8 So.3d 1266 (Fla. 1st DCA 2009), we affirmed Appellant’s convictions, but remanded for resentencing. On remand, the trial court sentenced Appellant to 20 years in prison for the trafficking offense and five years concurrent for the possession offense.
Appellant appealed and thereafter filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) in which he argued that his sentences are unconstitutional because, by virtue of section 893.101, Florida Statutes, his offenses are “strict liability offenses” for which the maximum sentences that can be imposed consistent with due process are no more than one year in jail. The trial court denied the motion on the grounds that Appellant’s claim was not a “sentencing error” that could be raised in a rule 3.800(b)(2) motion, and even if it was properly raised, the claim was without merit based upon Harris v. State, 932 So.2d 551 (Fla. 1st DCA 2006), rev. denied, 962 So.2d 336 (Fla.2007). Appellant presents this same argument on appeal, and he also argues for the first time that section 893.101 and his convictions violate due process for the same reasons that his sentences are unconstitutional.
*16 Even if Appellant’s claims were properly-preserved and are not procedurally barred for not having been raised in the first appeal, they are without merit. We rejected these same claims in Harris,* and our sister courts have also rejected these claims. See, e.g., Taylor v. State, 929 So.2d 665 (Fla. 3d DCA 2006), rev. denied, 952 So.2d 1191 (Fla.2007); Wright v. State, 920 So.2d 21, 25 (Fla. 4th DCA 2005), rev. denied, 915 So.2d 1198 (Fla.2005); Burnette v. State, 901 So.2d 925, 927-28 (Fla. 2d DCA 2005). Accordingly, we affirm Appellant’s convictions and sentences.
AFFIRMED.
WETHERELL and MARSTILLER, JJ., concur; WEBSTER, J., concurs in result only, with opinion.

 Appellant's counsel was also appellate counsel for the appellant in Harris. The initial brief in this case did not even mention Harris even though the trial court relied on that case in denying Appellant’s rule 3.800(b)(2) motion and the opinion in Harris rejected the argument that section 893.101 rendered the appellant’s convictions unconstitutional. See 932 So.2d at 552. And, as Appellant's counsel acknowledged for the first time in the motion for rehearing, "Appellant's alternative argument (ISSUE II) that the sentences imposed for the offenses of convictions were unconstitutional ... was indeed raised in Harris ” (emphasis in original). This directly contradicts what Appellant's counsel argued in the briefs, as well as what he argued to the trial court in connection with the rule 3.800(b)(2) motion where he stated that Hams "has no bearing” on the argument that Appellant's sentences are unconstitutional because the opinion only addressed the constitutionality of the appellant's convictions. Thus, although Appellant’s counsel asserted that our opinion in Harris was "ambiguous and poorly written,” the opinion could not have been more clear in its rejection of the arguments raised in this case. See 932 So.2d at 552 ("We affirm all issues raised on appeal.”). We have also rejected these same arguments made by Appellant’s counsel in numerous other cases subsequent to Harris. See, e.g., Henry v. State, 29 So.3d 294 (Fla. 1st DCA 2010) (table); Pugh v. State, 25 So.3d 563 (Fla. 1st DCA 2010) (table); Knox v. State, 25 So.3d 563 (Fla. 1st DCA 2010) (table); Schofield v. State, 993 So.2d 968 (Fla. 1st DCA 2008) (table); Rasheed v. State, 992 So.2d 258 (Fla. 1st DCA 2008) (table); Robinson v. State, 969 So.2d 1023 (Fla. 1st DCA 2007) (table); Sanders v. State, 965 So.2d 128 (Fla. 1st DCA 2007) (table); Canty v. State, 954 So.2d 1158 (Fla. 1st DCA 2007) (table); Davis v. State, 944 So.2d 351 (Fla. 1st DCA 2006) (table); Williams v. State, 940 So.2d 1172 (Fla. 1st DCA 2006) (table). It is one thing for counsel to argue for a change in the law in the face of these adverse decisions or for counsel to simply preserve an issue for purposes of subsequent review; but, it is an entirely different thing to continue to argue an issue that has been consistently rejected by the courts without even acknowledging that the argument has been rejected, which is what Appellant's counsel did in this case.