WEBSTER, J.,
concurring in result only.
Appellant raises two issues in the alternative: (1) “whether the Florida statutes proscribing trafficking in cocaine and possession with intent to sell marijuana are facially unconstitutional (violate due process) insofar as they classify these strict liability offenses as felonies”; and (2) “whether the imposition of felony punishment for the strict liability offenses of trafficking in cocaine and possession with intent to sell marijuana violates due process.” I agree that these two issues are either procedurally barred because not raised on the prior appeal from his conviction or not properly preserved. However, for the reasons discussed below, I am unable to agree with the majority’s treatment of appellant’s lawyer. Accordingly, I concur in the result only.
The majority takes appellant’s lawyer to task for “argu[ing] an issue that has been consistently rejected by the courts without even acknowledging that the argument has been rejected.” Majority Opinion, at 3 n.*. In support, the majority identifies eleven *17 cases from this court and three from other district courts of appeal which it says have rejected the same claims appellant makes here. I disagree.
Of course, Florida’s Rules of Professional Conduct require that a lawyer “disclose to [a] tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.” R. Regulating Fla. Bar 4 — 3.3(3). Principles of professionalism would suggest the propriety of disclosing decisions of other coordinate courts that are on point, as well. However, it strikes me that a decision can constitute “authority” for a point of law only if it has precedential value. A per curiam decision with no written opinion has no precedential value. Dep’t of Legal Affairs v. Dist. Court of Appeal, 5th Dist., 434 So.2d 310, 311 (Fla.1983). Of the eleven cases from this court relied on by the majority, ten are per curiam affirmances without opinion.
The final case from this court cited by the majority is Harris v. State, 932 So.2d 551 (Fla. 1st DCA 2006), review denied, 962 So.2d 336 (Fla.2007). Although, apparently, there was more than one issue raised in Harris, see 932 So.2d at 552, the only one identified is whether section 893.101, Florida Statutes (2004), violated the due process clauses of the federal and state constitutions because it “eliminate[d] knowledge of the illicit nature of a substance as an element of the offense.” Id. While this issue might have been based on an argument similar to one of those made here, it is certainly not clear that it was, particularly in light of the citations in the opinion to Wright v. State, 920 So.2d 21 (Fla. 4th DCA 2005), and Burnette v. State, 901 So.2d 925 (Fla. 2d DCA 2005), two of the cases from other districts on which the majority here relies.
As I read the opinions in Wright and Burnette, the due process argument being made by the appellants in both cases was that section 893.101, Florida Statutes, was unconstitutional because it impermissibly shifted the burden of proof as to one of the elements. That is not one of the arguments being made here.
The final case relied on by the majority is Taylor v. State, 929 So.2d 665 (Fla. 3d DCA 2006). That case merely holds that the failure of section 893.101 to require “knowledge of the unlawful nature of the offending substance as an element of the crime” does not render the statute unconstitutional, citing Wright and Burnette. Id. at 665. Again, that does not seem to me to be one of the arguments being made here.
Based on the foregoing analysis, I am unable to say that any of the cases relied on by the majority necessarily requires rejection of either of the issues raised by appellant’s lawyer in this case. Moreover, it strikes me that a lawyer defending a client in a criminal matter has special obligations. Among them, it seems to me, is a responsibility to attempt to obtain a ruling squarely addressing the issues raised, so that the lawyer may seek review by a higher court if unhappy with that ruling. When there are federal constitutional issues raised, that responsibility also extends to preserving arguments in courts like ours so that, if unfavorably resolved, they may be presented in federal collateral proceedings. Finally, as our Rules of Professional Conduct recognize, because “the law is not always clear and never is static ..., in determining the proper scope of advocacy, account must be taken of the law’s ambiguities and potential for change.” R. Regulating Fla. Bar 4-3.1 (Comment).