CERTIFICATION OF ORDER REQUIRING IMMEDIATE RESOLUTION BY THE SUPREME COURT
PER CURIAM.
The State appeals an order granting motions to dismiss filed by forty-two defendants in forty-six separate criminal proceedings pending in the Circuit Court for the Twelfth Judicial Circuit in Manatee County, Florida. Pursuant to Florida Rule of Appellate Procedure 9.125, and on its own motion, this court certifies that the *185 order on appeal presents issues that require immediate resolution by the supreme court because the issues are of great public importance and will have a great effect on the proper administration of justice throughout the state.
The circuit court granted the forty-two defendants’ motions to dismiss on the ground that section 898.13, Florida Statutes (2002-2011), is unconstitutional. The circuit court’s order is based primarily on the reasoning of a recent decision by a United States district judge in Shelton v. Secretary, Department of Corrections, — F.Supp.2d -, 2011 WL 3286040 (M.D.Fla.2011). It is similar to a decision recently issued by a circuit court judge in the Eleventh Judicial Circuit of Florida. See State v. Washington, Nos. F11-11019, F10-36703, et al. (Fla. 11th Cir.Ct. Aug. 17, 2011). These decisions appear to conflict with another opinion from the Eleventh Judicial Circuit. See State v. Anderson, No. F99-12435(A), 2011 WL 3904082 (Fla. 11th Cir.Ct.2011). Like Anderson, a circuit court decision for the Thirteenth Judicial Circuit in Hillsborough County, Florida, also appears to be at odds with Shelton and Washington. See State v. Barnett, Nos. 11-CF-003124, 11-CF-005345, et al. (Fla. 13th Cir.Ct.2011).
Section 893.13 is the criminal statute most commonly used in Florida to enforce our laws against the manufacture, possession, and sale of illegal drugs. The ruling of the circuit court in this case would appear to control pending drug prosecutions in only one felony division of the Twelfth Circuit. This issue, however, will undoubtedly be raised in every felony division in all twenty circuits. It is clear from the four above-cited cases that judges will take at least two different approaches to the issue. It is entirely possible that many circuits will And themselves in the untenable situation of having two or more felony divisions taking opposite positions on this issue.
If this court were to review this decision and agree with the circuit court, our decision would be binding statewide and could affect literally thousands of past and present prosecutions throughout the state. See Pardo v. State, 596 So.2d 665, 666 (Fla.1992) (recognizing that “in the absence of interdistrict conflict, district court decisions bind all Florida trial courts”); Chapman v. Pinellas Cnty., 423 So.2d 578 (Fla. 2d DCA 1982) (same).
Until this important constitutional question is resolved by the Florida Supreme Court, prosecutions for drug offenses will be subject to great uncertainty throughout Florida. Moreover, cases pending on appeal and on motions for postconviction relief will be subject to similar uncertainty. It will be difficult to reach a final resolution in many of these cases until the issue is resolved. Finally, if the ruling in this order is ultimately affirmed by the supreme court, it is possible that hundreds or even thousands of inmates will be eligible for immediate release.
We are fully aware that the supreme court prefers to resolve cases after one or more of the district courts have first provided legal analysis in a published opinion.[1] *186 In this case, given the above-described effects of delay upon the administration of justice, we do not believe it is appropriate for this court to delay an ultimate decision by the supreme court while we consider the issue. It is obvious that a timely decision is needed from the supreme court to avoid a multitude of serious problems in the county, circuit, and district courts. This issue has been fully briefed and thoroughly discussed in this trial court proceeding and in the other proceedings cited in this opinion. Accordingly, the supreme court will have the benefit of these existing arguments. This court is doubtful that any benefit derived from the additional legal reasoning contained in opinions prepared by this court and other district courts would outweigh the cost associated with the delay required to prepare those written opinions.
This court voted at court conference to certify this order pursuant to rule 9.125. Accordingly, this panel of judges issues this certification. We certify for the above-explained reasons that the order requires immediate resolution by the supreme court because the issue pending in this district court is an issue of great public importance and because the issue will have a great effect on the proper administration of justice throughout the state.
SILBERMAN, C.J., and ALTENBERND and LaROSE, JJ., Concur.

. Rule 9.125 has existed since 1980. This court has invoked the rule only in a handful of very exceptional appeals during that period. See, e.g., In re Commitment of Morel, 67 So.3d 1062 (Fla. 2d DCA 2010); A.L. v. State, 983 So.2d 597 (Fla. 2d DCA 2007); State v. Goode, 779 So.2d 544 (Fla. 2d DCA 2001); Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998); State v. Hootman, 697 So.2d 1259 (Fla. 2d DCA 1997); Mann v. Chief Judge of the Thirteenth Judicial Circuit, 693 So.2d 117 (Fla. 2d DCA 1997); Schultz v. TM Florida-Ohio Realty Ltd. P’ship, 553 So.2d 1203 (Fla. 2d DCA 1989). In all probability, no order ever appealed to this court has been a better *186 example of an order warranting certification under this rule.