WETHERELL, J.
 

 Appellant, Isaac Flagg, appeals his conviction and sentence for possession of crack cocaine and drug paraphernalia. He contends 1) that the trial court erred in denying his dispositive motion to suppress, and 2) that the statute under which he was convicted is facially unconstitutional. We reject both claims and write only to address Flagg’s constitutional challenge to section 893.13, Florida Statutes. We affirm the trial court’s denial of the motion to suppress without further comment.
 

 On October 11, 2010, at 1:14 a.m., Flagg was stopped in a high drug crime area by a Gainesville police officer for riding a bicycle without a light. Flagg acted aggressively towards the officer after he was stopped. The officer then asked Flagg to open his hand because he appeared to be concealing something and the officer was concerned that it might be a weapon. When Flagg opened his hand, the officer saw what turned out to be two pieces of crack cocaine fall to the ground. Flagg was arrested, and during a search incident to arrest, a crack pipe was discovered in Flagg’s pocket.
 

 
 *140
 
 Flagg was charged with possession of a controlled substance in violation of section 893.13(6)(a), a third-degree felony, and possession of drug paraphernalia in violation of section 893.147(l)(b), a first-degree misdemeanor Flagg filed a motion to suppress the drugs and crack pipe on the basis that the stop was illegal. The trial court denied the motion, and Flagg thereafter pled no contest to the charges, reserving the right to appeal the denial of his dispositive motion to suppress. The trial court accepted the plea and sentenced Flagg to 24.975 months in prison for the possession offense and to time served for the paraphernalia offense. This timely appeal follows.
 

 In addition to challenging the denial of the motion to suppress, Flagg argues for the first time on appeal
 
 [1]
 
 that section 893.13(6)(a) is unconstitutional because the
 
 mens rea
 
 requirement in the statute was eliminated by section 893.101, which provides in pertinent part that:
 

 The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.
 

 § 893.101(2), Fla. Stat. This, according to Flagg, converted his drug possession offense into a strict liability crime that violates due process because of the felony punishment provided for the offense.
 

 This exact same argument has been rejected many times by this court and the other district courts of appeal.
 
 See, e.g., Williams v. State,
 
 45 So.3d 14, 16 (Fla. 1st DCA 2010) (citing cases),
 
 rev. denied,
 
 53 So.3d 1022 (Fla.2011);
 
 Johnson v. State,
 
 37 So.3d 975 (Fla. 1st DCA 2010),
 
 rev. denied,
 
 51 So.3d 465 (Fla.2010);
 
 Wright v. State,
 
 920 So.2d 21 (Fla. 4th DCA 2005),
 
 rev. denied,
 
 915 So.2d 1198 (Fla.2005). Flagg acknowledges this contrary authority, but contends that we should recede from our prior decisions and adopt the reasoning of
 
 Shelton v. Secretary, Department of Corrections,
 
 802 F.Supp.2d 1289, 2011 WL 3236040 (M.D.Fla. 2011), which held section 893.13 facially unconstitutional based on the same argument presented here.
 

 Shelton
 
 is not binding on this court or any other state court,
 
 [2]
 
 and we see no reason to recede from our settled precedent simply because one federal judge has a different view of the law than this court. Moreover, we do not find the analysis in
 
 Shelton
 
 persuasive because, among other reasons, the decision misperceives the operation of the affirmative defense in section 893.101. The statute does not, as
 
 Shelton
 
 implied, require the defendant to establish his innocence by proving a lack of knowledge,
 
 see Wright,
 
 920 So.2d at 25 (explaining that section 893.101 “does not require the defendant to prove or disprove knowledge”); rather, the statute provides that if the defense is raised, the state has the burden to overcome the defense by proving beyond a reasonable doubt that the defendant knew of the illicit nature of the drugs.
 
 Id.; see also
 
 Fla. Std. Jury Instr. (Crim.) 25.7 (explaining that the jury should find the defendant not guilty if they “have reasonable doubt on the question of whether (defendant) knew of the illicit na
 
 *141
 
 ture of the controlled substance”). Furthermore, because lack of knowledge is not a defense to a true strict liability crime,
 
 [3]
 
 the availability of the affirmative defense in section 893.101 undermines the essential premise in
 
 Shelton
 
 that the offenses in section 893.13 are strict liability crimes that may not be constitutionally punished as felonies.
 

 We recognize that the Second District recently certified the constitutional issue raised in this case to the Florida Supreme Court for immediate resolution pursuant to Florida Rule of Appellate Procedure 9.125.
 
 See State v. Adkins,
 
 71 So.3d 184 (Fla. 2d DCA 2011). Although we agree that the uncertainty caused by
 
 Shelton
 
 is affecting the administration of justice around the state and that an expeditious decision from the supreme court addressing the constitutionality of section 893.13 is needed, we do not see any reason not to reaffirm our view that the statute is constitutional. Indeed, we believe that a definitive statement from this court reaffirming the constitutionality of section 893.13 notwithstanding
 
 Shelton
 
 will promote the consistent administration of justice by resolving the issue for the trial courts, thereby allowing drug prosecutions to proceed, at least until the supreme court or another district court weighs in on the issue. Of course, defendants remain free to raise the constitutional argument to preserve the issue for appellate or federal review, but this decision will at least preserve the status quo until the supreme court addresses the issue, and it should also address the Second District’s legitimate concern in
 
 Adkins
 
 that, without a definitive ruling from a higher court, different circuits (or even different judges in the same circuit) may continue to take opposite positions on the issue.
 
 See Pardo v. State,
 
 596 So.2d 665, 666 (Fla.1992) (recognizing that “in the absence of interdistrict conflict, district court decisions bind all Florida trial courts”).
 

 In sum, for the reasons stated above, we reject Flagg’s claim that section 893.13 is facially unconstitutional and affirm his conviction and sentence.
 

 AFFIRMED.
 

 SWANSON, J., concurs; MARSTILLER, J., concurs in result only.
 

 [1]
 

 . A facial challenge to the constitutionality of the statute under which a defendant is convicted may be raised for the first time on appeal.
 
 See State v. Johnson,
 
 616 So.2d 1, 3 (Fla. 1993).
 

 [2]
 

 .
 
 See State v. Dwyer,
 
 332 So.2d 333, 335 (Fla.1976) ("Even though lower federal court rulings may be in some instances persuasive, such rulings are not binding on state courts.”).
 

 [3]
 

 .
 
 See, e.g., Feliciano v. State,
 
 937 So.2d 818 (Fla. 1st DCA 2006) (noting that statutory rape is a strict liability crime to which a defendant’s lack of knowledge of the victim’s age is not a defense).