POLEN, J.
Herman Maestas appeals his conviction and sentence for possession of a controlled substance in violation of section 893.13(6)(a), Florida Statutes (2010). The trial court sentenced him to 27.3 months in prison. On appeal, he argues (1) the trial court erred in sustaining the State’s objection based on improper impeachment; (2) the trial court erroneously imposed various costs and fees; and (3) the statute under which he was convicted, section 893.13, is facially unconstitutional. As to the first issue, we find that the record on appeal does not demonstrate reversible error and affirm without further comment. We find *993 merit in Maestas’ second argument but reject his constitutional challenge to section 898.13.
After his conviction, the trial court imposed a $100 cost of prosecution fee, a $400 public defender fee, and an additional $25 fee, without orally pronouncing them in open court.[1] We hold that the trial court correctly imposed the $100 fee for costs of prosecution, as section 938.27(8), Florida Statutes (2010), mandates that such costs shall be set at no less than $100 per case when a felony offense is charged, as is the case here. However, we agree with Maestas that the $400 public defender fee was erroneously imposed because the trial court failed to make factual findings warranting the imposition of the additional $300. § 938.29, Fla. Stat. (2010); Houle v. State, 33 So.3d 822, 823 (Fla. 4th DCA 2010). We therefore remand to the trial court to reduce the public defender fee to the statutorily required $100 or to hold a hearing with proper notice to Maestas, allowing him the opportunity to object to the additional $300 imposed. See Houle, 33 So.3d at 823. Regarding the additional fee of $25, Broward County Ordinance, section 21-16.2, pursuant to section 938.13, Florida Statutes, mandates that an additional cost of $15 shall be imposed when any person is found guilty of any misdemeanor involving the unlawful use of drugs or alcohol. Although the trial court lowered this fee to $15 in its order, the order was untimely rendered, and thus a nullity. We therefore remand for entry of a new order consistent with this opinion.
Maestas next argues for the first time on appeal[2] that section 893.13 is facially unconstitutional for the reasons expressed in Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289 (M.D.Fla.2011). Maestas further argues that if section 893.13 is not unconstitutional, it is a strict liability crime, with a maximum sentence of two years’ imprisonment. We disagree and uphold the constitutionality of section 893.13 and conclude that section 893.101 does not create a strict liability crime. We find the reasoning of Shelton unpersuasive and decline to adopt its holding.
In Shelton, a judge of the United States District Court for the Middle District of Florida found section 893.13 to be unconstitutional on substantive due process grounds. Shelton, 802 F.Supp.2d at 1296-98, 2011 WL 3236040 at *4-*5. The opinion concluded that section 893.101 removed all mens rea as an element from section 893.13, thereby creating a strict liability offense. Id. As a strict liability offense, the court declared section 893.13 unconstitutional because its penalties are too severe. Id. at 1300-06, at *7-*12.
We first note that this court has already held that section 893.101, Florida Statutes, is constitutional. Wright v. *994 State, 920 So.2d 21 (Fla. 4th DCA 2005). Moreover, decisions of lower federal courts, including rulings that a state statute violates the U.S. Constitution, are not binding on state courts; rather, they are persuasive, if well reasoned. State v. Dwyer, 382 So.2d 333, 334-35 (Fla.1976); Bradshaw v. State, 286 So.2d 4, 6-7 (Fla. 1973), cert. denied, 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 225 (1974). We find Shelton unpersuasive, as the decision is based on the faulty premise that section 893.101 removed all mens rea from section 893.13 offenses, such that a defendant is strictly liable for any unknowing possession or delivery. In our view, section 893.101 did not remove the guilty knowledge element from these offenses, thereby converting section 893.13 offenses into strict liability crimes. Instead, it merely abrogated the additional “knowledge of illicit nature” element, added by the supreme court in Chicone v. State, 684 So.2d 736 (Fla.1996). Section 893.13 remains constitutional.
Courts are obligated to construe statutes in a manner which avoids an unconstitutional interpretation. State v. Giorgetti, 868 So.2d 512, 518 (Fla.2004). Interpretations of statutes as not requiring a mens rea element are disfavored, and absent clear legislative intent to dispense with scienter, courts will assume guilty knowledge is required and will read a guilty knowledge component into a statute that is silent as to mens rea. Id. at 515-20. Although knowledge of presence is not expressly required by the text of section 893.13, such knowledge has always been required in drug possession cases. Id.; State v. Oxx, 417 So.2d 287, 290 (Fla. 5th DCA 1982). Section 893.13 is no exception. Indeed, the standard jury instruction for possession of a controlled substance requires the jury find that “([defendant) had knowledge of the presence of the substance.” Fla. Std. Jury Instr. (Crim.) 25.2.
In Chicone, the court recognized that “guilty knowledge” is required for a conviction under section 893.13 and that knowledge of presence must be established in a drug possession cases. Chicone, 684 So.2d at 740-41. However, Chicone went further, creating an additional scienter requirement: Knowledge of the “illicit nature” of the substance. Id. at 744. The legislature superseded this fourth element with the enactment of section 893.101. Miller v. State, 35 So.3d 162, 163 (Fla. 4th DCA 2010). See also Garcia v. State, 901 So.2d 788, 791-93 (Fla.2005) (recognizing that “guilty knowledge” includes knowledge of presence and is an element of the offense of possession that must be proven beyond a reasonable doubt).
Lack of knowledge of the illicit nature of a substance is distinct from lack of knowledge of the presence of the substance. See Barrientos v. State, 1 So.3d 1209, 1217 (Fla. 2d DCA 2009); De La Cruz v. State, 884 So.2d 349, 351 n. 1 (Fla. 2d DCA 2004). A defendant’s claim that he or she did not know that white powder was concealed in an item possessed is different from the claim that he or she did not know that the concealed powder was an illegal drug.
In response to the holdings in Chicone and Scott v. State, 808 So.2d 166 (Fla. 2002), the legislature enacted section 893.101, which provides:
(1) The Legislature finds that the cases of Scott v. State, Slip Opinion No. SC94701 (Fla.2002) and Chicone v. State, 684 So.2d 736 (Fla.1996), holding that the state must prove that the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.
*995 (2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.
(3) In those instances in which a defendant asserts the affirmative defense described in this section, the possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance. It is the intent of the Legislature that, in those cases where such an affirmative defense is raised, the jury shall be instructed on the permissive presumption provided in this subsection.
Id. (emphasis added). “The statute does two things: it makes possession of a controlled substance a general intent crime, no longer requiring the state to prove that a violator be aware that the contraband is illegal, and, second, it allows a defendant to assert lack of knowledge as an affirmative defense.” Wright, 920 So.2d at 24 (emphasis added). The statute does not indicate any intent to do away with all guilty knowledge or to remove knowledge of presence as an element. As such, “[a] defendant charged under section 893.13 can concede all the elements of the offense, i.e., possession of a specific substance and knowledge of the presence of the substance, and still be able to assert the defense that he did not know of the illicit nature of the specific substance.” Burnette v. State, 901 So.2d 925, 927 (Fla. 2d DCA 2005) (emphasis added).
Section 893.101 recognizes that “actual or constructive possession” must be found for the presumption to apply. See also Fla. Std. Jury Instr. (Crim.) 25.7 (“[Y]ou are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance”) (emphasis added). The State must prove knowledge of presence in order to establish actual or constructive possession.[3] Thus, the permissive presumption that a defendant knew the illicit nature of the substance does not apply if a defendant is unaware of the presence of the substance.
Section 893.13 offenses are general intent crimes and, although not expressly stated in the statute, require that the defendant voluntarily commit the proscribed act. See, e.g., Linehan v. State, 442 So.2d 244, 246-48 (Fla. 2d DCA 1983) (describing the distinction between general and specific intent crimes). Contrary to the holding of Shelton, the statute does not punish strictly an unknowing possession or delivery.
Finally, the existence of the affirmative defense set out in section 893.101 undermines the notion that the legislature has created a strict liability crime. To this point, we agree with the reasoning set forth by the First District in its recent opinion of Flagg v. State, 74 So.3d 138 (Fla. 1st DCA 2011):
*996 [Shelton] misperceives the operation of the affirmative defense in section 893.101. The statute does not, as Shelton implied, require the defendant to establish his innocence by proving a lack of knowledge, see Wright, 920 So.2d at 25 (explaining that section 893.101 “does not require the defendant to prove or disprove knowledge”); rather, the statute provides that if the defense is raised, the state has the burden to overcome the defense by proving beyond a reasonable doubt that the defendant knew of the illicit nature of the drugs. Id.; see also Fla. Std. Jury Instr. (Crim.) 25.7 (explaining that the jury should find the defendant not guilty if they “have reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance”). Furthermore, because lack of knowledge is not a defense to a true strict liability crime, the availability of the affirmative defense in section 893.101 undermines the essential premise in Shelton that the offenses in section 893.13 are strict liability crimes that may not be constitutionally punished as felonies.
Id. at 140-41 (footnote omitted).
We hold that section 893.101 did not remove scienter from section 893.13 offenses and did not create an unconstitutional strict liability crime.

Affirmed in part, and Reversed and Remanded in part.

GROSS and CONNER, JJ., concur.

. Maestas filed a motion to correct sentencing error, pursuant to rule 3.800, Florida Rules of Criminal Procedure, thus preserving this issue for appeal. See Ortiz v. State, 884 So.2d 77, 78 (Fla. 2d DCA 2004) (holding that appellant preserved this issue by filing a rule 3.800(b) motion). However, the trial court entered its order, denying Maestas’ rule 3.800 motion, but lowering the additional $25 cost to $15, more than sixty days after Maestas filed his motion. Pursuant to rule 3.800(b)(2), the motion is deemed denied and the subsequent order on the motion is a nullity. Sessions v. State, 907 So.2d 572, 573 (Fla. 1st DCA 2005) (citing Campbell v. State, 789 So.2d 1213 (Fla. 1st DCA 2001)); Wilson v. State, 853 So.2d 1119 (Fla. 4th DCA 2003).

. The facial constitutionality of a statute can be raised for the first time on direct appeal. Jean v. State, 764 So.2d 605, 606 (Fla. 4th DCA 1999); Trushin v. State, 425 So.2d 1126, 1129 (Fla. 1982).

. The State is entided to a jury instruction allowing a jury to infer knowledge of presence from actual or exclusive constructive possession. See State v. Williamson, 813 So.2d 61, 64-65 (Fla.2002); State v. Medlin, 273 So.2d 394 (Fla. 1973). This inference allows the State to make a prima facie case of knowledge of presence without direct proof but does not eliminate knowledge of presence as an element that the jury must find to convict. Permissive inferences, which are also known as permissive presumptions, have repeatedly been upheld and ruled constitutional because they do not shift the burden of proof. See County Court of Ulster County, N.Y. v. Allen, 442 U.S. 140, 156-57, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); Walker v. State, 896 So.2d 712, 715-20 (Fla.2005).