PER CURIAM.
The appellant in this case challenges his convictions for possession of pseu-doephedrine with intent to manufacture a controlled substance and for unlawful manufacturing of methamphetamine. The possession charge is a violation of section 893.149(l)(b), Florida Statutes (2010), and the manufacturing charge is a violation of section 893.13(l)(a)l., Florida Statutes (2010). The appellant asserts that under Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289 (M.D.Fla.2011), both statutes are facially unconstitutional because they require felony punishments for strict liability offenses.
We have previously rejected the argument that section 893.13 creates a strict liability crime. See, e.g., Flagg v. State, 74 So.3d 138, 141 (Fla. 1st DCA 2011); Williams v. State, 45 So.3d 14, 16 (Fla. 1st DCA 2010); Harris v. State, 932 So.2d 551, 552 (Fla. 1st DCA 2006). “Shelton is not binding on this court or any other state court,” Flagg at 140, and the appellant does not persuade us to recede from our settled precedent.
In addition, under section 893.149(l)(a), it is unlawful “to knowingly or intentionally” possess a chemical listed in section 893.033 with the intent to unlawfully manufacture a controlled substance. The plain statutory language thus rebuts Appellant’s argument for strict liability.
For these reasons, we AFFIRM the appellant’s convictions.
WOLF, PADOVANO, and MARSTILLER, JJ., concur.