PER CURIAM.
We affirm the denial of the defendant’s motion for postconviction relief in which he sought to vacate his guilty plea to drag trafficking. The district courts of appeal and our supreme court have rejected the holding of Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289 (M.D.Fla.2011). Section 893.01, Florida Statutes (2009). State v. Adkins, 96 So.3d 412 (Fla.2012); Maestas v. State, 76 So.3d 991 (Fla. 4th DCA 2011); Little v. State, 77 So.3d 722 (Fla. 3d DCA 2011); Holcy v. State, 83 So.3d 778 (Fla. 5th DCA 2011); Flagg v. State, 74 So.3d 138 (Fla. 1st DCA 2011).
Further, Shelton’s reasoning is inapplicable to a drug trafficking offense as the trafficking statute expressly contains a mens rea requirement that a defendant “knowingly” possess, sell, purchase, manufacture, deliver, or bring into this state the drugs in question. § 893.135(1), Fla. Stat. (2009). Thus, no possibility exists that a defendant could be held strictly liable for an “unknowing” possession or delivery of the drugs. Maestas, 76 So.3d at 993-95.

Affirmed

STEVENSON, GERBER and LEVINE, JJ., concur.