PER CURIAM.
As to appellant’s challenge to the constitutionality of section 893.101, Florida Statutes (2008), we affirm. See State v. Adkins, 96 So.3d 412, 423 (Fla.2012); Annee v. State, — So.3d -, 2012 WL 4897781 (Fla. 4th DCA 2012), (citing Maestas v. State, 76 So.3d 991 (Fla. 4th DCA 2011)). Appellant additionally complains that the Florida Department of Corrections (“DOC”), where he is currently serving concurrent six-year sentences for the offenses he pled to in this case, improperly relied on a finding by the trial court that this action was frivolous to forfeit 214 days gain-time accrued by appellant. See § 944.28(2)(a), Fla. Stat. (2008). However, the proper venue for appellant’s challenge is by way of writ of mandamus in the circuit court in Leon County, where the DOC is located, after appellant has exhausted all available administrative remedies within DOC. See Hartley v. McNeil, 52 So.3d 690, 691 (Fla. 4th DCA 2010), rev. denied 63 So.3d 749 (Fla.2011) (citing Bush v. State, 945 So.2d 1207, 1213-14 (Fla.2006)). Accordingly, as to that issue, we dismiss his appeal to this court without prejudice to pursue his remedies as described herein.

Affirmed as to point II, dismissed without prejudice as to point I.

WARNER, GROSS and TAYLOR, JJ., concur.