CERTIFICATION OF ORDER REQUIRING IMMEDIATE RESOLUTION BY THE SUPREME COURT
PER CURIAM.
Ronald Morel appeals an order denying his emergency petition for habeas corpus relief. As explained below, we conclude and, thus, certify that the order requires immediate resolution by the supreme court because the issues pending in the district court have a great effect on the proper administration of justice throughout the state. See Fla. R.App. P. 9.125. We recognize that such a certification is an ex *1063 traordinary step, but the issues raised in this case involve potentially serious violations of constitutional rights, not only for Mr. Morel but for other detainees similarly situated. Neither this court nor the trial court would appear to have the clear authority to provide a remedy even to determine whether the claims have merit. Without guidance from the supreme court, we do not know how to proceed with this case.
Mr. Morel is detained by the Department of Children and Family Services in Arcadia, Florida, as a pretrial civil detainee awaiting an outcome in the Jimmy Ryce proceeding that the State filed against him in Broward County in 2002. That facility in DeSoto County is in the Twelfth Judicial Circuit and within the jurisdiction of this district court of appeal. It houses detainees under the Jimmy Ryce Act from throughout Florida. A petition to establish the State’s right to detain such an individual is filed in the circuit where the individual was last convicted of a sexually violent offense. § 394.913(1), .9135(3), Fla. Stat. (1999-2010).[1] Thus, it is not unusual for both the circuit court in DeSoto County and this district court to have no territorial jurisdiction over the forum in which the civil proceeding is pending.
In this case, Mr. Morel filed his pro se emergency petition alleging that he was being denied treatment necessary to obtain his release. He requested that the circuit court in DeSoto County order his immediate release and order the dismissal of the petition pending in circuit court in Broward County. The trial court denied the petition without explanation and Mr. Morel appealed to this court.
The Department of Children and Families has responded to the appeal, arguing that it has no statutory or constitutional duty to provide treatment to a detainee whose status is that of “awaiting the commitment trial.” It takes the position that it is obligated to detain indefinitely any individual for whom it receives an order determining probable cause and a warrant for custodial detention and that it is not the responsibility of the Department to see that the petition for commitment is resolved in circuit court in any timely fashion. It may well be correct in its position.
On the other hand, the Department has provided this court with the docket of the proceeding pending in Broward County. That civil case was filed in April 2002, more than eight years ago. Beginning in October 2002, the clerk appears to have treated the file as a closed file. The reason for this is unclear, but perhaps the new civil proceeding was filed in the old criminal case. Since late 2003, it does not appear that any meaningful prosecution has taken place in this case. Between November 2, 2006, and September 3, 2010 — a period of nearly four years — nothing transpired on the docket. A notice for trial was apparently filed on September 3, 2010, a few days after this court issued an order to show cause why the petition for habeas corpus should not be granted.
This court, as is common in such habeas proceedings, has virtually no record information. We have no information about the causes of delay in this case. We do not even know the name of the attorney representing Mr. Morel in Broward County. On the other hand, it appears without much dispute that — for whatever reason— Mr. Morel has been civilly detained for eight years without treatment or trial.
As a practical matter, we do not see a method for the circuit court in DeSoto *1064 County to oversee the Department’s treatment of detainees or the conditions of their confinement based on pro se pleadings filed by detainees who are usually provided with attorneys in their civil proceeding in the county where that proceeding is pending, but who have no representation in the county where they are detained. The circuit court in DeSoto County should not be expected, and presumably lacks the power, to regulate or issue orders to other circuit courts throughout the State concerning petitions pending in those other circuits. Nevertheless, we know from the appeals we receive that detainees often call upon that court to take such steps and statutory law expressly authorizes the use of habeas corpus petitions to challenge some conditions of confinement. See § 394.9215, Fla. Stat. (2010).
This case is an extreme example, but from our anecdotal experience, it is not unique. The statute contemplates that detainees will receive a speedy trial[2] and then will receive annual reviews. § 394.918, Fla. Stat. (1999-2010). Once the right to the thirty-day trial is waived, however, these proceedings often seem to take many years. The fact that the detainee is being held sometimes hundreds of miles from the trial forum does not facilitate timely resolution of these cases.[3] If the Department is not providing treatment during this delay, a pretrial detainee may not actually hold the keys to the cell in which he is civilly detained.
If we were convinced that both this court and the circuit court had the power to provide a remedy under habeas corpus, we would order the circuit court to issue the writ of habeas corpus returnable before itself to require the Department to show cause why Mr. Morel should not be released. However, without a hearing involving the circuit court in Broward County, we do not envision how this matter could be fairly resolved for all parties.
The supreme court is the only court that clearly has territorial jurisdiction over all aspects of this case. Given the apparent eight-year delay in treatment and trial and in light of the substantial questions concerning the constitutionality of these proceedings and given that these issues appear to arise for other individuals who are held in DeSoto County, we certify these issues to the supreme court for immediate resolution in hopes that it can provide guidance to this court, and to both circuit courts, as to the procedure by which such individuals can challenge delays in treatment and trial.
ALTENBERND, KHOUZAM, and CRENSHAW, JJ., Concur.

. If the individual was convicted of a sexually violent offense in another state or in federal court, the petition is filed in the circuit where the individual was last convicted of any offense in this state. § 394.913(1).

. Section 394.916(1), Florida Statutes (1999-2010), states that the court shall conduct a trial on the petition within thirty days after the court has determined that there is probable cause to believe that the individual named ■ in the petition is a sexually violent predator.

. If Jimmy Ryce detainees were not transferred to DeSoto County until after a final, commitment order were entered, it is likely that these cases would be tried in a more expedited manner.