This Court has before it the Second District Court of Appeal’s Certification of Order Requiring Immediate Resolution by this Court in Case No. 2D09-2096, In re Commitment of Morel, — So.3d -, 2010 WL 4861507 (Fla. 2d DCA 2010), regarding allegations that Ronald Morel has been in pretrial detention for eight years as a result of unresolved Jimmy Ryce Act civil commitment proceedings. Morel’s appeal to the Second District resulted from the denial of habeas corpus relief challenging the legality of his custody wherein he alleged that he has been unable to receive treatment, which would enable him to seek release. Morel also filed separate petitions in this Court challenging recent actions taken in his civil commitment proceeding in Broward County, Florida. We consolidate our review of the Second District’s certification and Mor *1083 el’s separately filed petitions in this Court for the purpose of this order of relinquishment.
The Second District’s decision points out that it lacks territorial jurisdiction over all aspects of the legality of Morel’s pretrial detention, which in part stems from (1) alleged action or inaction in Broward County within the Fourth District and (2) alleged action or inaction regarding Morel’s treatment in a facility in DeSoto County, Florida, .within the Second District. Moreover, in regard to the Second District case, the Department of Children and Families (DCF) took the position that “it has no statutory or constitutional duty to provide treatment to a detainee whose status is ‘awaiting the commitment trial.’” Morel, — So.3d at -. The Second District stated the following in certifying the case to this Court:
This case is an extreme example, but from our anecdotal experience, it is not unique. The statute contemplates that detainees will receive a speedy trial and then will receive annual reviews. § 394.918, Fla. Stat. (1999-2010). Once the right to the thirty-day trial' is waived, however, these proceedings often seem to take many years. The fact that the detainee is being held sometimes hundreds of miles from the trial forum does not facilitate timely resolution of these cases. If the Department is not providing treatment during this delay, a pretrial detainee may not actually hold the keys to the cell in which he is civilly detained.
If we were convinced that both this court and the circuit court had the power to provide a remedy under habeas corpus, we would order the circuit court to issue the writ of habeas corpus returnable before itself to require the Department to show cause why Mr. Morel should not be released. However, without a hearing involving the circuit court in Broward County, we do not envision how this matter could be fairly resolved for all parties.
The supreme court is the only court that clearly has territorial jurisdiction over all aspects of this case.
Id. at -. After the issuance of the Second District’s decision, the circuit court in Broward County apparently set the civil commitment case for trial but later granted a continuance and advised counsel for Morel to set a status conference for a date in February 2011. Morel filed an emergency petition in this Court requesting a stay of those proceedings so that the issues raised by the Second District’s decision could first be resolved.
We have determined that these matters (i.e., the failure to receive treatment as a pretrial detainee and the failure to have held a civil commitment hearing for eight years) are interrelatecl and present serious questions as to the functioning of our system for civil commitments and the legality of Morel’s continued detention.
In order to obtain a complete answer, it is necessary for DCF, the Attorney General’s Office, the Office of the State Attorney for the Seventeenth Judicial Circuit, and the lawyers representing Morel, together with Ronald Morel himself, to participate in a hearing to be held before one fact-finder. We conclude that the most appropriate foruni to hear these interrelated matters would be the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, which is assigned to Morel’s civil commitment proceeding. Accordingly, we enter the following order:
1. The civil commitment trial before Judge Eileen M. O’Connor as Case No. CACE-02-007799 is temporarily stayed pending resolution of the fact-finding to be conducted on the issues relating to Morel’s pretrial detention.
*1084 2. The Court relinquishes jurisdiction of this matter to the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, for a period not to exceed sixty days and orders that DCF, the Attorney General, the State Attorney for the Seventeenth Judicial Circuit, the lawyers representing Morel, and Ronald Morel appear before the circuit court in Broward County at a time to be determined for a hearing to resolve all of the facts surrounding the eight-year delay in the civil commitment proceedings and the failure of Morel to receive treatment, including, but not limited to:
a. Whether Morel’s allegations in his petition regarding the inability to receive treatment because of his pretrial detainee status are accurate and to obtain details regarding the issues surrounding treatment (or lack thereof) for pretrial detainees awaiting civil commitment trials;
b. Whether Morel’s allegations in his petition regarding the waiting list to obtain treatment, even if eligible for treatment, are accurate and, if not, explain;
c. Whether Morel’s commitment is illegal or unlawful because of the inordinate amount of time (eight years) since his release from his prison sentence; and
- d. The reason why the trial in this case has not taken place for eight years and whether Morel has had counsel throughout that time, and if not, the reasons for lack of counsel.
The court shall enter a written order as to these issues. Upon issuance of the trial court’s order, the trial court clerk shall immediately transmit a copy of the order to this Court.
The relinquishment period is for no longer than sixty days. At the end of the relinquishment period, jurisdiction will be returned to this Court. Any extension of time shall be based only upon a timely motion filed in this Court demonstrating good cause and representing the positions of the opposing party and the trial court.
The court reporters shall have ten days after completion of the above proceedings in which to file any transcripts with the trial court clerk, and the trial court clerk shall have ten days after receipt of the transcripts in which to file a record of the entire relinquishment proceeding with this Court. Under this Court’s Administrative Order In Re: Mandatory Submission of Electronic Copies of Documents, AOSC04-84, dated September 18, 2004, the court reporters are directed to transmit a copy of any transcripts, in addition to paper copies, in an electronic format as required by the provisions of that order. The electronic version for this Court shall be submitted to the following e-mail address: e-file@flcourts.org.
It is so ordered.
PARIENTE, QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., dissents with an opinion.
LEWIS, J., dissents with an opinion, in which POLSTON, J., concurs.