789 So.2d 1213 (2001)
Lonnie D. CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-0113.
District Court of Appeal of Florida, First District.
July 20, 2001.
*1214 Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Janelle C. Gillaspie, and Karen M. Holland, Assistant Attorneys General, Tallahassee, for Appellee.
BARFIELD, J.
Appellant challenges sentences imposed on September 14, 1999, for resisting a law enforcement officer with violence (Circuit Court Case No. 95-162) and for accessory after the fact to first degree murder (Circuit Court Case No. 98-37). On April 18, 2000, after the notice of appeal had been filed, he timely filed in the Circuit Court motions to correct the sentences pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Within a month thereafter, the state filed corrected sentencing guidelines scoresheets in both cases, which indicated that the maximum guidelines sentence in 95-162 was 23 months and the maximum guidelines sentence in 98-37 was 62.5 months. On June 6, 2000, the trial judge acknowledged the corrected scoresheets in a letter to the assistant state attorney, indicating that if the parties agreed that the calculations were correct, "I will enter an amended sentencing order." However, no amended order was entered within 60 days from the filing of the motions, as required by rule 3.800(b)(1)(B), and under that applicable version of that rule, the motions are therefore deemed denied. Hart v. State, 773 So.2d 1263 (Fla. 1st DCA 2000); Kimbrough v. State, 766 So.2d 1255 (Fla. 5th DCA 2000).
On November 14, 2000, the trial court entered orders, nunc pro tunc to September 14, 1999, purporting to resentence appellant to concurrent terms of 23 months in state prison, followed by 36 months probation in 95-162, and 62.5 months in state prison, followed by 20 years probation in 98-37, with the same conditions that were imposed on September 14, 1999. Because the trial court did not have jurisdiction to enter these orders, they are nullities. Hart; Kimbrough.
As the trial court's belated effort to grant the rule 3.800(b)(2) motions recognized, *1215 they were well founded. The state has conceded that the resentencing orders reflect "the corrections Appellant is entitled to." Accordingly, the sentences originally imposed on September 14, 1999, are REVERSED, the resentencing orders entered on November 14, 2000, are QUASHED, and the case is REMANDED to the trial court for resentencing in accordance with the corrected scoresheets.
DAVIS and LEWIS, JJ., CONCUR.