907 So.2d 572 (2005)
Dorothy SESSIONS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-4220.
District Court of Appeal of Florida, First District.
July 11, 2005.
*573 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, A. Mireille Fall, Assistant Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
BARFIELD, J.
On September 9, 2004, as the result of plea negotiations, appellant pled guilty to nine drug offenses and admitted violating the conditions of her probation on numerous other convictions, in exchange for concurrent 67-month sentences. On December 3, 2004, while this appeal was pending and before the initial brief was filed, appellant filed a notice in this court that she had filed in the trial court a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The motion asserted that the 67-month sentences were excessive for third degree felonies. The trial court ordered a response from the state, which acknowledged that the sentences for the third degree felonies exceeded the statutory maximum, but pointed out that the count alleging possession of cocaine with intent to deliver, which was improperly designated on the judgment as a third degree felony, was actually a second degree felony, and that the 67-month sentence for that offense was not illegal.
On February 11, 2005, the trial court entered an order granting the motion as to the third degree felonies and directing the clerk to issue amended judgments and sentences "reflecting a 60 months term on these charges" and correcting the scrivener's error with respect to the second degree felony. An amended judgment and amended sentences were entered on February 28, 2005. Meanwhile, appellant had filed her initial brief in this appeal on February 23, 2005, asserting that "no amended judgments appear in the record" and that because "no action was taken" on her motion, it was deemed to be denied. She sought "remand for entry of concurrent 60 months sentences."
The state concedes that under current Florida law, the trial court's February 11, 2005, order "has no legal effect as it was issued more than 60 days after Appellant's 3.800(b)(2) motion," and that she is therefore "entitled to the relief she seeks." A 3.800(b)(2) motion is deemed denied, and the trial court's jurisdiction ends, once 60 days elapse without rendition of an order ruling on the motion, and any order rendered more than 60 days after a rule 3.800(b)(2) motion is filed is a nullity. See Campbell v. State, 789 So.2d 1213 (Fla. 1st DCA 2001), Hart v. State, 773 So.2d 1263 (Fla. 1st DCA 2000), and numerous subsequent cases from this court and from other courts.
The sentences originally imposed, except for the improperly designated second degree felony, are REVERSED. The February 11, 2005, order and the February 28, 2005, judgment and sentence are QUASHED for lack of jurisdiction. The case is REMANDED to the trial court for resentencing consistent with the February 28, 2005, judgment and sentence. Appellant need not be present when the trial court corrects the sentencing errors, Lee v. State, 826 So.2d 457 (Fla. 1st DCA 2002).
ERVIN and VAN NORTWICK, JJ., concur.