951 So.2d 87 (2007)
Danny F. CALIDONIO, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-4139.
District Court of Appeal of Florida, First District.
March 13, 2007.
*88 Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this Anders[1] appeal, counsel argues that a sentencing error must be corrected. On August 4, 2005, following a hearing, the trial court revoked the appellant's probation and sentenced him to 60 months' imprisonment, to be followed by 9 years of sexual offender probation, for the underlying crime of lewd or lascivious battery.
While this appeal was pending and before the initial brief was filed, the appellant filed a motion to correct sentencing error pursuant to rule 3.800(b)(2), asserting that the condition of probation that he have "no contact with any child under the age of 18," was an illegal condition of probation. On February 23, 2006, the trial court granted the order and modified the condition of probation to read "no contact with children under the age of 18 years without the presence of an adult." The appellant is entitled to the relief he sought in his 3.800(b) motion, as a condition of probation which prohibits any contact with a child under 18 years of age is impermissibly broad. See Graham v. State, 658 So.2d 642 (Fla. 5th DCA 1995); Schultz v. State, 793 So.2d 986 (Fla. 2d DCA 2001); Lambert v. State, 635 So.2d 1056 (Fla. 4th DCA 1994). However, it is well settled that a trial court has no jurisdiction to rule on a rule 3.800(b) motion after 60 days and an order filed more than 60 days after the motion was filed is a nullity. Sessions v. State, 907 So.2d 572, 573 (Fla. 1st DCA 2005). In the instant case, the trial court *89 failed to rule on the appellant's motion within 60 days.
Therefore, the order placing the appellant on sexual offender probation is REVERSED, and the February 23, 2006, order of modification of probation is QUASHED. The appellant's judgment and sentence is otherwise AFFIRMED. The case is REMANDED for the trial court to impose sex offender probation with a condition that appellant not have any unsupervised contact with a person under 18 years of age. The appellant need not be present when the trial court corrects the sentencing error. See id.
BROWNING, C.J., BENTON, and LEWIS, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).