DAMOORGIAN, C.J.
Appellant, Jermaine Jackson, appeals his judgment and sentence for armed robbery with a firearm while wearing a mask. *472 We reverse and remand for resentencing with regard to certain costs imposed against Appellant and affirm in all other respects.

Background

Appellant was found guilty of one count of robbery with a firearm while wearing a mask after the state established he held up a pizza delivery person at gunpoint. As this case deals only with the propriety of his sentence, the evidence as established at trial will not be explored further. However, it is important to note that Appellant was twenty at the time he committed the offense, but was twenty-one when he was tried and sentenced.
Following a sentencing hearing, the trial court sentenced Appellant to the statutory maximum of life in prison. § 812.13(2)(a), Fla. Stat. (2009). The court also imposed $1,500 in public defender costs and $500 in investigative costs.
Appellant then filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In his motion, Appellant argued that his life sentence was disparate as compared to other similarly situated defendants. He also argued that the public defender and investigative costs should be reversed because the court did not inform Appellant that he had the right to dispute the public defender costs and the court’s imposition of the investigative costs was based on its own initiative and was not supported by any documentation. The court did not rule on Appellant’s motion within sixty days, and thus it is deemed denied. Sessions v. State, 907 So.2d 572, 573 (Fla. 1st DCA 2005).
On appeal, Appellant challenges his sentence arguing that: 1) the sentencing court considered impermissible factors when imposing his sentence; 2) the court erred in denying his 3.800(b)(2) motion to correct illegal sentence on the basis that it was disparate as compared to other similarly situated defendants; and 3) the court erred in denying his 3.800(b)(2) motion to correct certain costs imposed against him. Appellant also raises a facial challenge to the constitutionality of Florida’s Youthful Offender Act as amended in 2008. See § 958.04(l)(b), Fla. Stat. (2008). Appellant argues that the statute — which provides that a defendant’s eligibility for a youthful offender status is determined by how old he or she is at the time of sentencing as opposed to at the time of the crime— violates equal protection and substantive due process. See id.
After reviewing the record, we hold that the sentencing court did not consider any impermissible factors when it sentenced Appellant, nor did it err when it denied Appellant’s Rule 3.800(b)(2) motion based on his allegedly disparate sentence without an evidentiary hearing. Accordingly, we affirm on these grounds without further discussion. However, we write to reverse the costs imposed against Appellant and address the constitutionality of section 958.04(l)(b), Florida Statutes.

Public Defender and Investigative Costs

First, we hold that it was error for the court to deny Appellant’s 3.800(b)(2) motion as it pertains to the public defender and investigatory costs entered against him. Section 938.27(1), Florida Statutes (2011), requires that convicted criminals are liable for payment of investigative costs if requested by the investigating agency. Additionally, the court cannot impose such investigative costs without evidence of the amount of the costs. Phillips v. State, 942 So.2d 1042,1044 (Fla. 2d DCA 2006). Here, the record reflects that no investigating agency moved for fees, and the state did not submit any evidence establishing what investigative costs were actually incurred. Accordingly, the inves *473 tigative costs entered against Appellant must be reversed and remanded for the trial court to either strike the costs or reimpose the costs if the statutory requirements are met. Diaz v. State, 901 So.2d 310, 311 (Fla. 2d DCA 2005).
Additionally, Florida Rule of Criminal Procedure 3.720(d)(1) provides that the court was required to notify Appellant of his right to a hearing to contest the amount of public defender costs. As the court did not comply with this requirement, this portion of Appellant’s sentence must also be reversed and remanded with instructions that the court provide Appellant with notice of his right to a hearing to contest the amount of the costs at the time of re-sentencing. Fla. R. Crim. P. 3.720(d)(1).

The Constitutionality of Florida’s Youthful Offender Act

Next, we write to address Appellant’s argument regarding the constitutionality of Florida’s Youthful Offender Act as amended in 2008. By way of background, in 1978, the legislature passed the Youthful Offender Act, thus creating an alternative sentencing scheme available to judges when sentencing certain youthful criminal defendants. See Ch. 78-84, Laws of Fla.; § 958.04(1), Fla. Stat. The express legislative intent of the Youthful Offender Act is “to improve the chances of correction and successful return to the community of youthful offenders sentenced to imprisonment by providing them with enhanced vocational, educational, counseling, or public service opportunities and by preventing their association with older and more experienced criminals during the terms of their confinement.” § 958.021, Fla. Stat. Youthful offender sentencing is not available for defendants guilty of a capital or life felony or for defendants who have been sentenced pursuant to the Youthful Offender Act for a prior offense. § 958.04(l)(c), Fla. Stat. Youthful offender sentencing is discretionary and features a six-year sentencing limit applicable to the original sentence and to any sentence imposed following a technical or non-substantive violation of probation. § 958.04(2)(a), Fla. Stat. This six-year cap applies even to crimes with higher minimum mandatories. See Mendez v. State, 835 So.2d 348, 349 (Fla. 4th DCA 2003).
Prior to 2008, youthful offender sentencing was available to a defendant who “committed [an eligible crime] before the defendant’s 21st birthday.” § 958.04(1)(b), Fla. Stat. (2007). However, in 2008, the legislature amended the youthful offender statute so that a court can only impose a youthful offender sentence if the “offender is younger than 21 years of age at the time sentence is imposed.” Ch. 2008-250, § 7, Laws of Fla.; § 958.04(1)(b), Fla. Stat. (2008) (emphasis added).
Appellant argues that this amendment violates equal protection in that it imper-missibly treats two classes of similarly situated people — those who commit a crime and are sentenced before they turn twenty-one and those who commit a crime before they turn twenty-one but are sentenced after — differently. He also asserts that the amendment violates substantive due process in that it may force a defendant on the brink of turning twenty-one to make concessions in his or her defense strategy in order to try to qualify for a youthful offender status. We do not agree.

Equal Protection

Under both the state and federal constitutions, “the concept of equal protection has been traditionally viewed as requiring the uniform treatment of persons standing in the same relation to the governmental action questioned or challenged.” Reynolds v. Sims, 377 U.S. 533, *474 565, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). “Equal protection does not require identity of treatment. It only requires that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate as to be wholly arbitrary.” State v. Andersen, 208 So.2d 814, 820 (Fla.1968). “Where an equal protection challenge is brought before a court of law, that court must, from the outset, determine the appropriate level of judicial scrutiny to be applied to the state regulation under attack.” Fla. High Sch. Activities Ass’n v. Thomas By & Through Thomas, 434 So.2d 306, 308 (Fla.1983). If the challenged government action “abridge[s] some fundamental right or affect[s] adversely upon some suspect class of persons,”[1] it must withstand strict scrutiny. Id. “To withstand strict scrutiny, a law must be necessary to promote a compelling governmental interest and must be narrowly tailored to advance that interest.” Westerheide v. State, 831 So.2d 93, 110 (Fla.2002). However, when no fundamental right or suspect class is implicated, “courts usually invoke the rational basis test, under which the law must bear some rational relationship to legitimate state purposes.” Id.
Florida courts have not addressed whether the Youthful Offender Act implicates a fundamental right. However, courts from other jurisdictions have held that there is no fundamental right to a youthful offender status, and thus have employed a rational basis analysis when considering whether a youthful offender statute violates equal protection. See People v. Perkins, 107 Mich.App. 440, 309 N.W.2d 634, 636 (1981) (holding that age requirements under youthful offender statute did not implicate a fundamental right); People v. Mason, 99 Misc.2d 583, 416 N.Y.S.2d 981, 984 (N.Y.Sup.Ct.1979) (holding that youthful offender treatment is not a fundamental right). We are persuaded by this authority, especially in light of the fact that no defendant is guaranteed a youthful offender sentence in Florida regardless of eligibility. See McKinney v. State, 27 So.3d 160, 161 (Fla. 1st DCA 2010) (the decision to grant or deny a defendant’s request for a youthful offender sentence is completely discretionary). Accordingly, as no fundamental right is implicated, Appellant’s equal protection argument is subject to a rational basis analysis.
Appellant correctly points out that the “at the age of sentencing” limitation contained in section 958.04(l)(b) has the effect of classifying and treating defendants who commit crimes between the ages of eighteen and twenty-one and are sentenced before they turn twenty-one different from defendants who commit crimes between the ages of eighteen and twenty-one but are sentenced after their twenty-first birthday. Appellant argues that “sentencing dates are not a meaningful or just distinction between otherwise similarly-situated defendants,” and thus the classification violates equal protection. In support of his position, Appellant points out that “[t]he time between arrest and sentence can vary based on factors such as county, courtroom, the particular lawyers involved, witness availability, intervening acts of nature, etc.” and thus, two hypothetical defendants who are the same age and who commit the same crime on the same day may end up getting treated differently under the law based on circumstances well-beyond their control.
While Appellant’s argument is logically compelling, under the rational *475 basis test, “[t]he statute must be upheld if there is any conceivable state of facts or plausible reason to justify it, regardless of whether the Legislature actually relied on such facts or reason.” Samples v. Fla. Birth-Related, Neurological, 40 So.3d 18, 23 (Fla. 5th DCA 2010), approved sub nom. Samples v. Fla. Birth-Related Neurological Injury Comp. Ass’n, 114 So.3d 912 (Fla.2013). While the legislature failed to provide any guidance as to why it changed the determination for youthful offender status eligibility from the defendant’s age at the time crime was committed to the defendant’s age at time of sentencing, there are some plausible explanations. For one, as discussed above, part of the legislature’s express intent in creating the youthful offender statute was to prevent young offenders’ “association with older and more experienced criminals during the terms of their confinement.” § 958.021, Fla. Stat. Limiting inclusion into a youthful offender program by the offender’s age at the time of sentencing could serve to ensure that the population in such a program truly remains “youthful.” This is all that is needed to establish a rational basis. Accordingly, Appellant’s equal protection argument fails.

Due Process

Substantive due process protects fundamental rights that are so “implicit in the concept of ordered liberty” that “neither liberty nor justice would exist if they were sacrificed.” Palko v. Conn., 302 U.S. 319, 325-26, 58 S.Ct. 149, 82 L.Ed. 288 (1937). When a state enacts legislation that infringes on fundamental rights, courts will review the law under a strict scrutiny test and uphold it only when it is “narrowly tailored to serve a compelling state interest.” Reno v. Flores, 507 U.S. 292, 302, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). “The Supreme Court has recognized that fundamental rights include those guaranteed by the Bill of Rights as well as certain ‘liberty’ and privacy interests implicit in the due process clause and the penumbra of constitutional rights.” Doe v. Moore, 410 F.3d 1337, 1343 (11th Cir.2005).
Appellant argues that the 2008 amendment to the youthful offender statute violates substantive due process in that it may cause a youthful defendant to make certain defensive concessions in an effort to obtain a sentence before turning twenty-one. Appellant maintains that this infringes on a defendant’s right to “a vigorous defense, the right to confront his accusers, the right to compel witnesses, and a jury trial.” As the rights to counsel, confrontation, and trial are guaranteed by both the federal and state constitutions, Appellant urges that we should apply strict scrutiny to the amendment. However, this is not the proper analysis.
When analyzing a substantive due process claim, a court must first craft “a careful description of the asserted right” in order to “narrowly frame the specific” issue before it so as not to “stray into broader constitutional vistas than are called for by the facts of the case at hand.” Moore, 410 F.3d at 1344 (quotations omitted). Additionally, the fact that a statute may have an indirect effect on a fundamental right does not subject it to strict scrutiny. See id.; McGuire v. Montgomery, 2013 WL 1336882, at *11 (M.D.Ala. Mar. 29, 2013) (holding that sex offender registration statute did not infringe on the appellant’s fundamental right to marry and carry on relationships because it did not “directly regulate the family relationship” even though it had the result of preventing appellant from living with his mother or wife since they did not reside at a compliant address); In re San Juan Dupont *476 Plaza Hotel Fire Litig., 687 F.Supp. 716, 733 (D.P.R.1988) (“However, a statute having merely indirect effect on the fundamental right will not be subjected to strict scrutiny.”).
Although presented otherwise, Appellant’s argument is nothing more than a challenge to the 2008 amendment’s limiting effect on a defendant’s ability to obtain a youthful offender sentence. While this limitation may affect a defendant’s trial strategy and thus implicate his or her rights to counsel, confrontation, and trial, any such implication is indirect because the 2008 amendment does not control how a defendant actually defends him or herself. Viewing the youthful offender statute as amended in 2008 as a violation of a party’s fundamental rights to trial, etc., rather than as what it is — a limitation on the class of defendants who are eligible for an alternate sentence — would result in straying into broader constitutional territory than necessary. Because there is no fundamental right to a youthful offender sentence, the statute is not subject to strict scrutiny and must only pass the rational basis test. As discussed above, it does. Thus we also reject Appellant’s substantive due process challenge to section 958.04(l)(b).
For the foregoing reasons, we reverse and remand for resentencing so that the court can notify Appellant of his right to contest the public defender fees and reassess the propriety of the investigative fees. We affirm in all other respects.

Reversed and Remanded for Resentenc-ing.

TAYLOR and LEVINE, JJ., concur.

. Age is not a suspect classification. White Egret Condo, v. Franklin, 379 So.2d 346, 351 (Fla. 1979).