# Supreme Court of Florida

_____

No. SC14-842
_____

**JERMAINE C. JACKSON,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[May 5, 2016]

QUINCE, J.

This case is before the Court for review of the decision of the Fourth District Court of Appeal in Jackson v. State, 137 So. 3d 470 (Fla. 4th DCA 2014). Because the district court expressly declared a state statute valid, this Court has jurisdiction to review the decision. See art. V, § 3(b)(3), Fla. Const.

Appellant, Jermaine Jackson, was convicted of one count of robbery with a firearm while wearing a mask and sentenced to the statutory maximum of life in prison. Jackson, 137 So. 3d at 472. Jackson was 20 years old when he committed the crime, but 21 years old when he was tried and sentenced. If he had been sentenced under the youthful offender statute, he faced a six-year cap as to his

sentence. Jackson filed a motion to correct illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), alleging in part that his life sentence was more severe than other defendants in similar situations. Id. In addition, he argued that he had a right to be informed of the ability to dispute the court's imposition of investigative costs and public defender costs. Id. The trial court did not rule on the motion within sixty days, and the motion was deemed denied. Id.

Jackson appealed, arguing that: (1) the sentencing court considered impermissible factors when imposing his sentence; (2) the court erred in denying his rule 3.800(b)(2) motion to correct illegal sentence on the basis that it was disparate compared to other similarly situated defendants; (3) the court erred in denying his rule 3.800(b)(2) motion to correct certain costs imposed against him; (4) section 958.04 (1)(b), Florida Statutes (2008), Florida's Youthful Offender Act, violates equal protection and due process. Id. The Fourth District held that the sentencing court did not consider any impermissible factors when it sentenced Jackson and did not err when it denied Jackson's rule 3.800(b)(2) motion without an evidentiary hearing. Moreover, the Fourth District held that section 958.04(1)(b) did not violate equal protection or due process. However, the court did reverse the costs imposed against Jackson. Id.

Before this Court, Jackson raises a facial challenge to the constitutionality of section 958.04(1)(b). Jackson argues that section 958.04(1)(b) violates equal

protection because the age-at-sentencing classification creates arbitrary and irrational distinctions between otherwise eligible defendants. He claims that no other Florida statute distinguishes between defendants based solely on their age at sentencing and therefore this classification triggers strict scrutiny. Furthermore, Jackson argues that section 958.04(1)(b) violates due process because eligibility implicates liberty interests, and in attempting to be eligible for youthful offender sentencing, a defendant may forgo certain constitutional rights. For the reasons that follow, we hold that section 958.04(1)(b) is constitutional as amended and does not violate equal protection or due process.

In 2008, the Legislature changed the requirements for youthful offender sentencing from someone who <u>committed a crime</u> before their twenty-first birthday, to someone who is younger than 21 <u>at the time of sentencing</u>. The statute, in relevant part, states that

> The court may sentence as a youthful offender any person . . . [w]ho is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime that is, under the laws of this state, a felony if the offender is younger than 21 years of age at the time sentence is imposed.

§ 958.04(1)(b), Fla. Stat. (2008).

Constitutional challenges to statutes are pure questions of law, subject to de novo review. <u>Crist v. Ervin</u>, 56 So. 3d 745, 747 (Fla. 2010). Generally, statutes are presumed constitutional, and the challenging party has the burden to establish

the statute's invalidity beyond a reasonable doubt.  See State v. Lick, 390 So. 2d 52, 53 (Fla. 1980).  It is the Court's duty to "construe challenged legislation to effect a constitutional outcome whenever possible."  Fla. Dep't of Revenue v. Howard, 916 So. 2d 640, 642 (Fla. 2005).

A statutory classification will be deemed to violate equal protection only if it causes "different treatments so disparate as relates to the difference in classification so as to be wholly arbitrary."  In re Estate of Greenberg, 390 So. 2d 40, 42 (Fla. 1980), abrogated by Shriners Hospitals for Crippled Children v. Zrillic, 563 So. 2d 64 (Fla. 1990).  Where no suspect classification is involved, "the statute need only bear a reasonable relationship to a legitimate state interest."  Id.  Some inequality or imprecision will not "render a statute invalid."  Acton v. Fort Lauderdale Hosp., 440 So. 2d 1282, 1284 (Fla. 1983).

In analyzing whether or not section 958.04(1)(b) violates equal protection, the first question is whether or not the statute affects a fundamental right or a suspect class.  Neither this Court nor any other Florida court has determined whether youthful offender status is a fundamental right.  However, courts in other states have held that youthful offender status is not a fundamental right for eligible defendants.  See People v. Robert Z., 511 N.Y.S.2d 473 (N.Y. Co. Ct. 1986) ("There is no constitutional right to youthful offender treatment.  Such treatment is entirely a gratuitous creature of the Legislature, subject to such conditions as the

- 4 -

Legislature may impose without violating constitutional guarantees." (citations and emphasis omitted)); State v. Johnson, 279 S.E.2d 606, 447 (S.C. 1981) ("The statutory right to youthful offender treatment is simply not a fundamental right."); Hilber v. State, 277 N.W.2d 839, 842 (Wis. 1979) ("Hilber and Mayes argue that the statutory right to youthful offender treatment is 'fundamental,' but their arguments are not convincing and are not supported by any authority. Indeed, differences in the treatment of criminal defendants have been viewed as being subject to the rational basis test." (citations omitted)). We agree with our sister courts.

The discretionary nature of youthful offender sentencing provides further support that it is not a fundamental right for defendants. A "lower court is under no obligation to sentence [a defendant] under the Youthful Offender Act unless the lower court believes such a sentence would be appropriate." Holmes v. State, 638 So. 2d 986, 987 (Fla. 1st DCA 1994); see also Ellis v. State, 475 So. 2d 1021, 1023 (Fla. 2d DCA 1985) ("[A]pplication of the Youthful Offender Act to any particular defendant is discretionary with the trial judge who is in the best position to determine whether sentencing under the act is the most desirable treatment for that defendant.").

Moreover, the youthful offender statute does not involve a suspect class. Under a constitutional analysis, a suspect class is one where strict scrutiny is

required when questions of equal protection arise. Generally, classifications such as race, national origin, or alienage have been held to be suspect classifications. San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 61 (1973). Youth, however, is not a suspect classification. See art. I, § 2, Fla. Const. (defining the protected classes as "race, religion, national origin, or physical disability"); see also Gregory v. Ashcroft, 501 U.S. 452, 470 (1991) (holding that age is not a suspect classification under the Equal Protection Clause).

Because section 958.04(1)(b) does not affect a fundamental right or suspect class, the rational basis test applies. Miller v. State, 971 So. 2d 951, 952 (Fla. 5th DCA 2007). Under rational basis analysis, a statute must be upheld if the classification bears a rational relationship to a legitimate government objective. Id. The statute must be upheld if there is any conceivable state of facts or plausible reason to justify it, regardless of whether the Legislature actually relied on such facts or reason. McElrath v. Burley, 707 So. 2d 836, 839 (Fla. 1st DCA 1998).

The Legislature did not provide guidance when it amended section 958.04(1)(b). However, as the Fourth District noted, an examination of the statute's legislative intent gives possible insight into the amendment. The legislative intent of Chapter 958 states, in relevant part,

> The purpose of this chapter is to improve the chances of correction and successful return to the community of youthful offenders sentenced to imprisonment by providing them with enhanced vocational, educational, counseling, or public service opportunities

> and by preventing their association with older and more experienced criminals during the terms of their confinement.

§ 958.021, Fla. Stat. (2008) (emphasis added).

Section 958.04(1)(b) bears a rational relationship to the legitimate government objective of preventing the association between young offenders and older criminals. By requiring that a defendant be sentenced before the age of 21 in order to be eligible for youthful offender sentencing, section 958.04(1)(b) ensures that defendants entering the program are truly youthful. It also ensures that defendants eligible for the program will complete their sentence without being exposed to more experienced and sophisticated criminals during their incarceration. Because the statute bears a rational relationship to this legitimate government objective, it does not violate equal protection.

Substantive due process protects fundamental rights that are so "implicit in the concept of ordered liberty" that "neither liberty nor justice would exist if they were sacrificed." Palko v. Conn., 302 U.S. 319, 325-26 (1937). Analyzing a substantive due process claim begins with a "careful description of the asserted right." Reno v. Flores, 507 U.S. 292, 302 (1993). As discussed above, eligibility for youthful offender sentencing is not a fundamental right; instead, eligibility is at the discretion of the trial court. Therefore, section 958.04(1)(b) need only satisfy the rational basis test. Under substantive due process, the test "is whether the statute bears a rational relation to a permissible legislative objective that is not

discriminatory, arbitrary, capricious, or oppressive." Lasky v. State Farm Ins. Co., 296 So. 2d 9, 15 (Fla. 1974). Courts will not be concerned with whether the particular legislation in question is the most prudent choice, or is a perfect panacea, to cure the ill or achieve the interest intended. If there is a legitimate state interest that the legislation aims to effect, and if the legislation is a reasonably related means to achieve the intended end, it will be upheld. State v. Walker, 444 So. 2d 1137, 1138-39 (Fla. 2d DCA), aff'd, 461 So. 2d 108 (Fla. 1984).

The Youthful Offender statutes are the means to achieve the State's goal of providing rehabilitation to young offenders and preventing association between young offenders and older criminals. Section 958.04(1)(b) as amended serves a legitimate state interest by ensuring that only those who are truly youthful are eligible for youthful offender sentencing. By restricting eligibility to those who are younger than 21 at the time of sentencing, the legislation guarantees that young offenders will not associate with older, more experienced offenders. For this reason, section 958.04(1)(b) does not violate due process.

Jackson has failed to demonstrate that section 958.04(1)(b), as amended, violates equal protection or due process. Accordingly, we affirm the Fourth District.

It is so ordered.

LABARGA, C.J., and LEWIS, CANADY, POLSTON, and PERRY, JJ., concur.
PARIENTE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., dissenting.

I dissent because the 2008 legislative change to section 958.04, Florida Statutes, as to what determines a defendant's eligibility for youthful offender sentencing—from the defendant's age at the time of the offense to the defendant's age at the time of sentencing—arbitrarily infringes on the defendant's fundamental right to a trial. See ch. 2008-250, § 7, Laws of Fla. A defendant who pleads not guilty and chooses to go to trial, thereby exercising this fundamental right, is penalized if the delay inherent in the discovery and trial process causes the sentencing to occur after the defendant has reached the age of twenty-one— eliminating his or her eligibility to be sentenced as a youthful offender. A defendant who commits a crime close to his or her twenty-first birthday may feel pressured to plead guilty and forego his or her constitutional right to trial solely because the clock on youthful offender eligibility is ticking.

Prior to the legislative change, the same defendant would be eligible for youthful offender classification, even if the defendant, in exercising the fundamental right to trial, turned twenty-one before the trial began. A defendant should not be forced to relinquish his or her right to a trial in order to obtain the benefit of a specific sentencing statute that seeks to "improve the chances of correction and successful return to the community," by "providing . . . enhanced

vocational, educational, counseling, or public service opportunities and by preventing [the] association with older and more experienced criminals during the terms of [] confinement." § 958.021, Fla. Stat.

The Legislature provided no reason for the change in what determines eligibility for youthful offender sentencing. If the legislative justification for the change is to ensure that young offenders will not associate with older, more experienced offenders, as the majority speculates, the change does not bear a reasonable relationship to that objective because the trial court could have accounted for that factor under the previous statute. Indeed, the legislative intent of the Youthful Offender Act, even before the 2008 amendment, was in part to prevent the association of youthful offenders "with older and more experienced criminals during the terms of their confinement." § 958.021, Fla. Stat. (2007). For example, a trial court would have been able to classify a defendant as a Youthful Offender on the basis of the crime occurring before the defendant turned twenty-one, but could have considered the defendant's age at sentencing in determining the precise Youthful Offender sentence to impose to avoid the defendant's association with hardened criminals. See, e.g., § 958.04(2)(c), Fla. Stat. (2007) (providing the court with discretion to impose a split sentence, including a period of incarceration between one and four years).

Tying eligibility for youthful offender sentencing to the defendant's age at sentencing—the timing of which may be delayed by several factors outside of the defendant's control—rather than at the time of the offense, means that two defendants who commit a crime at the exact same age will be treated differently solely based on when they are ultimately sentenced. To me, that arbitrariness, which has an effect on the defendant's fundamental right to trial, results in a substantive due process violation. For that reason I dissent.

Application for Review of the Decision of the District Court of Appeal – Statutory Validity

     Fourth District - Case No. 4D11-3174

     (St. Lucie County)

Carol Stafford Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, Florida,

     for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Consiglia Terenzio, Bureau Chief, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, Florida,

     for Respondent