DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRITTON BLACKWOOD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2021

[April 11, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan, Jr., Judge; L.T. Case No. 14015177CF10A.

Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Britton Blackwood appeals his judgment for one count of armed kidnapping, two counts of sexual battery, one count of robbery with a firearm, and one count of aggravated assault with a deadly weapon. We affirm Appellant's judgment for these crimes and his incarceration for life.

On appeal, Appellant first argues that the trial court erred in denying his motion for a mistrial based on a comment one of the testifying officers made regarding the victim's believability. While the officer's comment was improper, the court did not abuse its discretion in denying Appellant's motion for a mistrial in light of the following facts: 1) the court immediately provided a curative instruction, 2) there was substantial, independent evidence corroborating the victim's story, and 3) the comment was brief and unanticipated. *See Tirado v. State*, 219 So. 3d 146, 148 (Fla. 4th DCA 2017).

Next, Appellant argues that the court committed fundamental error when it did not consider the possibility of a youthful offender sentence.

Appellant concedes that because he was twenty-one or older at the time of sentencing, he was not eligible for a youthful offender sentence under the Youthful Offender Act as amended in 2008. § 958.04(1)(b), Fla. Stat. (2008). However, Appellant asserts that by using the age at sentencing instead of the age at the time of the offense as a barometer for eligibility, the Youthful Offender Act violates substantive due process since it may force an offender on the brink of turning twenty-one to forego a trial in hopes of obtaining a youthful offender sentence. The Florida Supreme Court rejected this very same argument in *Jackson v. State*, 191 So. 3d 423, 428 (Fla. 2016), wherein it held that the Youthful Offender Act's age restrictions do not violate substantive due process.

Despite this binding Florida Supreme Court precedent, Appellant urges us to find the Youthful Offender Act unconstitutional, pointing to Justice Pariente's dissent in *Jackson. Id.* at 428-29 (Pariente, J., dissenting). We are not inclined nor are we permitted to ignore the binding majority in lieu of a dissent. *Hoffman v. Jones*, 280 So. 2d 431, 440 (Fla. 1973) ("We hold that a District Court of Appeal does not have the authority to overrule a decision of the Supreme Court of Florida.").

*Affirmed.*

GERBER, C.J., and MAY, J., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

2