DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALEX U. SIRMONS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-668

[February 6, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 2013CF001093A.

Carey Haughwout, Public Defender, and Claire V. Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Alex U. Sirmons appeals his judgment and sentence of twenty years for robbery with a deadly weapon and related convictions. He raises four issues on appeal. With respect to the first three issues, we affirm without further discussion. However, we agree with Sirmons's fourth argument: his sentence should be amended to correct a scrivener's error with respect to credit for time served.

The trial court orally granted Sirmons 685 days credit for time served. However, the sentencing order for Count III reflected only 643 days of credit for time served. Sirmons moved to correct the error and his motion was granted on that point.

However, the "corrected" sentence was apparently transposed but in any event erroneously provided 658 days credit for time served rather than 685 days. Sirmons filed a second motion to correct the sentence on June 13, 2018, while his appeal was pending. It does not appear that the court directly ruled on the motion, but a corrected sentence was entered on August 14, 2018, sixty-one days after the motion was filed.

Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2)(B), if a trial court does not rule on a motion to correct a sentencing error filed while an appeal is pending within sixty days, the motion shall be deemed denied. Once the sixty days has passed, an order purporting to resentence a defendant is entered without jurisdiction and is a nullity. *See, e.g., Maestas v. State*, 76 So. 3d 991, 993 n.1 (Fla. 4th DCA 2011); *Campbell v. State*, 789 So. 2d 1213, 1214 (Fla. 1st DCA 2001).

Here, once sixty days passed after Sirmons's motion was filed, it was deemed denied. Because the trial court entered the amended sentencing order more than sixty days after the motion was filed, the order was entered without jurisdiction and is a nullity.

Accordingly, we quash the corrected sentence and we remand for correction in accordance with the court's oral pronouncement as to the amount of credit to be given to Sirmons for previous time served. The defendant need not be present when the court corrects the error. *See Sessions v. State*, 907 So. 2d 572, 573 (Fla. 1st DCA 2005).

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**