DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FREDDIE L. KELLY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D18-1456 and 4D18-2366

[November 6, 2019]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 56-2016-CF-002775A and 56-2016-CF-000365A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

In this consolidated appeal of two criminal cases,[1] appellant raises five issues. We affirm on all issues but one; we reverse and remand on the issue of the imposed costs.

Investigative costs imposed under section 938.27, Florida Statutes (2018), must be requested by the investigating agency and supported by evidence of the amount of the costs incurred. *See Jackson v. State*, 137 So. 3d 470, 472 (Fla. 4th DCA 2014). Appellant asserts, and the state concedes, that the trial court erred by imposing $50 for investigative costs in both cases without a request for such costs. Additionally, section 938.27, Florida Statutes, mandates that costs of prosecution shall be set at "no less than $100 per case when a felony offense is charged," as is the case here, and that "[t]he court may set a higher amount upon a showing

---

[1] In lower court case number 2016-CF-2775A, a jury found appellant guilty of battery on a law enforcement officer. In lower court case number 2016-CF-365A, appellant pled no contest to sale of cocaine and possession of cocaine.

of sufficient proof of higher costs incurred." § 938.27(8), Fla. Stat. (2018). Appellant asserts, and the state concedes, that the trial erred by imposing $200 for prosecution costs[2] in both cases as there was never a showing of higher costs incurred to justify costs in excess of the $100 statutorily required minimum. The state also concedes that the trial court erred by imposing the $125 fee for the county drug abuse program in the cocaine case when such fee was never orally pronounced at sentencing or included in the plea agreement.

Accordingly, we reverse the trial court's assessment of the aforementioned costs and fee and remand for the trial court to (1) strike the $50 for investigative costs in both cases, (2) reduce the prosecution costs to the statutorily required minimum of $100 in both cases, and (3) strike the $125 fee for the county drug abuse program in the cocaine case.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER, GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] We note that there are discrepancies between the trial court's oral pronouncement of costs and the written final judgment for costs in the battery case. The oral pronouncement controls. *See Williams v. State,* 957 So. 2d 600, 603 (Fla. 2007).