DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DELILAH COLARTE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-111

[April 14, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 56-2018-CF-000669 A.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Delilah Colarte appeals her conviction and sentence for possession of cannabis resin and use or possession of drug paraphernalia. Appellant argues the trial court erred in two respects: (1) by denying her motion to suppress evidence of illegal possession obtained by the police during a traffic stop; and (2) by denying her motion to correct sentencing errors, filed under Florida Rule of Criminal Procedure 3.800(b)(2).[1]

We affirm on the first argument without discussion. The trial court's decision to deny Appellant's motion to suppress is supported by adequate factual findings and the applicable law.

On the second argument, Appellant takes issue with the trial court's imposition of $50 in investigative costs and $200 in prosecution costs, and the court's denial of Appellant's motion to correct this aspect of the

---

[1] Since the court failed to rule on Appellant's motion within sixty days, it is deemed denied. Fla. R. Crim. P. 3.800(b)(2)B; *Sirmons v. State*, 264 So. 3d 958, 959 (Fla. 4th DCA 2019).

sentence. Regarding the investigative costs, our supreme court has explained that investigative costs cannot be imposed where the State fails to request such costs prior to the judgment. *Richards v. State*, 288 So. 3d 574, 577 (Fla. 2020). Further, we have previously held that when imposing investigative costs, evidence must support the amount assessed. *Jackson v. State*, 137 So. 3d 470, 472 (Fla. 4th DCA 2014).

Here, the State concedes the trial court erred in imposing these investigative costs, both because the State failed to request investigative fees before the judgment was rendered, and because the State failed to introduce any evidence supporting the $50 assessment. Thus, the court erroneously denied Appellant's motion to correct a sentencing error in this regard. *See Richards*, 288 So. 3d at 577; *Jackson*, 137 So. 3d at 472.

With respect to the $200 prosecution costs, Appellant contends that the amount should be lowered to $100 because that is the statutorily mandated amount, and she further maintains that the State failed to provide notice of an increased cost or proof thereof.

> Costs for the state attorney must be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged, including a proceeding in which the underlying offense is a violation of probation or community control. The court may set a higher amount upon a showing of sufficient proof of higher costs incurred.

§ 938.27(8), Fla. Stat. (2018).

As noted in the statute, trial courts may impose a higher amount, but absent a request by the State and appropriate factual findings by the trial court, the fee will be reduced to the mandatory fee amount. *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019). The State acknowledges that the trial court made no factual findings regarding this cost and agrees with Appellant that the cost of prosecution should be reduced to $100. We agree and conclude that the trial court erroneously denied Appellant's rule 3.800(b)(2) motion.

## Conclusion

We affirm the trial court's judgment and sentence, with the exception of the two sentencing errors discussed above. We therefore remand the case with instructions to strike the $50 cost of investigation and to reduce the cost of prosecution to $100.

*Affirmed in part, reversed and remanded in part.*

GROSS and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**