# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D23-1246
Lower Tribunal No. 2021-CT-001895-A-W

_____

DAVID MICHAEL SUMMERSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Orange County.
Elizabeth Gibson, Judge.

November 22, 2023

MIZE, J.

Appellant, David Michael Summerson ("Summerson"), appeals his conviction and sentence for driving under the influence.[1] Summerson argues that the trial court erred by denying his motion to suppress certain evidence.[2] While this

---

[1] This case was transferred from the Fifth District Court of Appeal to this Court on January 1, 2023.

[2] After the trial court denied Summerson's motion to suppress, Summerson pled nolo contendere to the charge and expressly reserved his right to appeal the denial of his motion to suppress.

appeal was pending, Summerson also filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In the motion to correct sentencing error, Summerson argued, among other things, that the trial court erred by ordering him to pay $50.00 per month towards the cost of his probation because the trial court failed to orally pronounce the amount of the probation cost at his sentencing. The trial court did not rule on the motion to correct sentencing error within sixty days and it was therefore deemed denied by the passage of time. *See Staples v. State*, 277 So. 3d 714, 716 (Fla. 3d DCA 2019) ("Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2)(B), if a trial court does not rule on a motion to correct a sentencing error filed while an appeal is pending within sixty days, the motion shall be deemed denied." (quoting *Sirmons v. State*, 264 So. 3d 958, 959 (Fla. 4th DCA 2019))).

As to the monthly probation cost, the State concedes that the trial court did not orally pronounce a probation cost of $50.00 per month at Summerson's sentencing. When a trial court fails to orally pronounce the amount of a probation supervision cost for misdemeanor probation at a defendant's sentencing, the court is only authorized to impose the minimum cost of $40.00 per month required by statute. *See Paris v. State*, 337 So. 3d 2, 3 (Fla. 4th DCA 2022). Therefore, we reverse the portion of Summerson's sentence imposing the probation cost of $50.00

per month and remand this case to the trial court to impose a probation cost of $40.00 per month.

As to the trial court's rulings on the remainder of the motion to correct sentencing error and on the motion to suppress, we find no error and affirm.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

TRAVER, C.J., and WOZNIAK, J., concur.

Matthew J. Metz, Public Defender, and Victoria Rose Cordero, Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Kaylee D. Tatman, Assistant Attorney General, Daytona Beach, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED